## GUY McCULLEY v. THE STATE.

No. 9736. Delivered December 23, 1925.

Rehearing denied January 17, 1926.

### 1.—Rape—Evidence—Withdrawing From Jury—Properly Refused.

Where pertinent testimony is admitted without objections from the appellant there is no error in the trial court refusing to withdraw such testimony from the consideration of the jury, on motion of appellant.

### 2.—Same—Argument of Counsel—Not Improper.

Where, on a trial for statutory rape, the evidence having disclosed that a child was born to prosecutrix as a result of the act of intercourse with appellant, such proof being admissible, there was no error in the argument of the counsel for the state in referring to and fairly discussing this fact. See Rhea v. State, 275 S. W. 1023.

### 3.—Same—Continuance—Diligence Not Shown—Properly Refused.

Where an application for a continuance is made on account of the absence of witnesses for whose attendance no diligence is shown, such application was properly overruled.

4.—Same—New Trial—Properly Refused.

Appellant on rehearing insists that while no diligence was shown to secure the attendance of the absent witness, if it appear on the trial that the absent testimony is material, and probably true, and that it might have changed the result, a new trial should be granted. We have found nothing in this record to incline us to the view that the testimony set up in the application for a continuance was probably true, nor that witness would have given same, if present, and the motion for rehearing is overruled.

Appeal from the District Court of Briscoe County. Tried below before the Hon. R. C. Joiner, Judge.

Appeal from a conviction for rape, penalty five years in the penitentiary.

The opinion states the case.

*W. W. Kirk* of Plainview, *T. H. McGregor* and *A. L. Love* of Austin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Briscoe County of rape, and his punishment fixed at five years in the penitentiary.

There were no exceptions reserved to the charge of the court, nor to the introduction or rejection of any testimony. The record presents six bills of exception taken to the refusal of the trial court to strike from the record various parts of the testimony which had been admitted without objection. We do not think the action of the court in refusing the request of appellant in this regard erroneous. The evidence in each instance was admitted without objection, and was pertinent.

There is a bill of exceptions complaining of the argument of the district attorney to the effect "that if in after years prosecutrix should marry and have a home and children, she would be looking at them and wondering where this child was," meaning the child born to prosecutrix as the result of the alleged intercourse between herself and appellant. We see no reason why this was not fair argument. The charge against appellant was statutory rape, and the claim of prosecutrix was that a child was born as the result of the intercourse had by her with the accused. Proof that a child was born to her about the ordinary length of time from the date of her alleged

criminal connection with appellant, was proper and the argument such as here referred to was a fair discussion of the matter. Rhea v. State, 275 S. W. Rep. 1023.

Complaint is made of the refusal of a continuance. The application wholly fails to show any diligence, nor was there any affidavit of the absent witness attached to the motion for new trial. In its absence we might observe that we do not believe the absent testimony such as that if it had been present, there would have been any likelihood of a different verdict.

The testimony, in short, consisted only of that of the prosecutrix, the father of the prosecutrix, and the woman in whose house the child was born, these being state witnesses. For the defendant only two witnesses appeared, both of whom gave testimony indirectly tending to affect the reputation of the prosecutrix.

The law of the case having been submitted fairly to the jury, and it being their province to pass on the credibility of the witnesses and the weight to be given their testimony, and there being evidence in the record sufficient to support the conclusion reached, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant complains at length of our upholding the refusal of his second application for continuance. The indictment in this case was returned in October, 1924, and the case was not tried until April, 1925. It is not claimed in the application for continuance that any process was issued for the absent witness after October 30, 1924. Appellant admits in his motion that he has not shown diligence, but urges the application of the rule that even where diligence is wanting, if it appear on the trial that the absent testimony is material and probably true and that it might have changed the result, a new trial should be granted. Under the facts in this case we see no reason for the application of this rule. The absent witness was expected to testify to a conversation had by him with prosecutrix and in regard to the authenticity of a letter claimed by prosecutrix to have been received by her from appellant. The statement of facts is entirely devoid of any reference to the matters expected of the absent witness. Prosecutrix was not asked to state whether or not she had the conversation with him referred to in the application for continuance. No effort whatever appears to show that the letter received by prosecutrix

and testified to by her as being in the handwriting of appellant, was in fact written by the absent witness. We have found nothing in the record to incline us to the view that the testimony set up in the application for continuance was probably true or that witness would have given same if present.

We see no reason to come to a different conclusion in regard to the testimony of the father of prosecutrix or that of the state witness, Mrs. Cox.

Appellant's motion for rehearing will be overruled.

*Overruled.*