### Lyter Huffman v. The State.

No. 10978.   Delivered June 8, 1927.

**Robbery With Firearms—Continuance—No Diligence Shown—Properly
      Refused.**

Where, on a trial for robbery with firearms, appellant requested a con-
tinuance to enable him to secure testimony by depositions of witnesses
in Kansas, that he was insane.   No diligence was shown to secure these
depositions before trial, nor were the affidavits of any such witnesses
attached to his motion for a new trial.   The matter was within the sound
discretion of the trial court, and no abuse of such discretion being shown,
no error is presented.   See Art. 543 C. C. P., 1925; Russell v. State, 223
S. W. 749 and other cases cited.

Appeal from the District Court of Wilbarger County.   Tried
below before the Hon. Robert Cole, Judge.

Appeal from a conviction of robbery with firearms, penalty
45 years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,*
Assistant States Attorney, for the State.

BAKER, Judge. — The appellant was convicted of robbery
with firearms, and his punishment assessed at 45 years in the
penitentiary.

The record discloses that appellant was charged by indictment,
together with James H. Hairston and Clyde Stratton, with mak-
ing an unlawful assault upon Dewey Marsh on or about Decem-
ber 18, 1926, and putting him in fear of life or bodily injury
by using and exhibiting firearms, and taking from his possession
$7,596.81 in money.   It is further shown that Dewey Marsh was
cashier and in control of the Bank of Odell at the time of the
alleged robbery; that appellant and his co-indictees entered the
bank after the noon hour, and appellant held a gun on the cashier
and other parties in the bank while his companions took posses-
sion of the money in the amount above stated; and that appel-
lant and his companions, after locking the cashier and other
parties in the valut, drove rapidly away in an automobile.   The
appellant and his companions were identified by the bank
employees.   It is also shown by the record that appellant and
his co-indictees divided the money and appellant made his way
into Nebraska, where he was arrested on December 20, 1926,
and where part of the stolen money was identified and recov-

ered.  Appellant was brought back to Vernon, Texas, on December 27, 1926.

The appellant defended upon the ground of insanity.

The record contains but one bill of exception, and it complains of the action of the court in overruling appellant's application for a continuance.  The appellant was served with a copy of the indictment on January 5th and immediately employed attorneys to represent him, but no effort was made to obtain the desired testimony until the last week before the trial, which began on January 19, 1927.  It appears from the record and the bill that appellant, through his sister, employed an attorney on January 8th and that the attorney on January 13th filed for appellant interrogatories and gave notice to take the depositions of certain doctors named therein who lived outside the State. It further appears that a commission was issued thereon and returned to appellant's counsel on January 17, 1927, and sent to Kansas for the purpose of securing the testimony of the physicians, by whom, it was stated, appellant expected to prove that they had treated him for syphilis prior to the date of the alleged robbery and that said disease had affected his mind.  The application also sought a continuance for the want of the testimony of appellant's mother, who resided in Wichita, Kansas, and who was 56 years of age and not physically able to attend the trial. Appellant stated that he expected to prove by her his family history, and that his father, when he died, was of unsound mind, and also his, appellant's, physical and mental condition.  This application for continuance was overruled by the court on January 19th, after hearing testimony thereon.  The record discloses that appellant, in due time, filed his motion for new trial, alleging as error the court's action in overruling the application for continuance, and that the motion was also overruled by the court on February 11, 1927.  At this time there were no affidavits from the absent witnesses showing what their testimony would be relative to the condition of appellant's mind at the time set out in the application, nor any showing made as to whether or not the depositions of the witnesses had been obtained and returned into court.  In Art. 543 (6), C. C. P., it is stated:

"The truth of the first, or any subsequent application, as well as the merit of the ground set forth therein and its sufficiency shall be addressed to the sound discretion of the court called to pass upon the same, and shall not be granted as a matter of right.  If an application for continuance be overruled, and the defendant convicted, if it appear upon the trial that the evidence of the witness or witnesses named in the application was of a

material character, and that the facts set forth in said application were probably true, a new trial shall be granted," etc.

It appears from the above article, and rightly so, that the refusal to grant an application for continuance, or the refusal to grant a new trial by reason thereof, is within the sound discretion of the trial court. In construing this article, this court holds that unless the ruling of the trial court was arbitrary or amounted to an abuse of discretion, such ruling will not be interfered with on appeal. Russell v. State, 228 S. W. 949; McCulley v. State, 280 S. W. 223. For collation of authorities see notes 33-35 under the above article in Vernon's C. C. P. Also see Hornsby v. State, 237 S. W. 940. This bill, as presented, shows no error, especially in view of the fact that the appellant, after his arrest and after reading over a written confession made by him wherein he gave as a reason for the robbery the fact that he and his companions needed money as Christmas was approaching and also to pay a garage bill in Mineral Wells, stated that such a reason would not sound good to a jury and requested that said reason be stricken from the confession and that there be inserted in lieu thereof, as the reason for the robbery, the fact that he needed the money to go to Mayo's for treatment. This confession, together with the acts and conduct of appellant, as shown by the testimony of the State's witness, clearly show that the trial court did not abuse his discretion or act arbitrarily in overruling appellant's motion for new trial on account of the absent testimony.

The court, in his general charge, fully covered the issue of insanity, and gave all of the special charges requested by appellant on this issue.

Finding no reversible error in the record, we are constrained to hold, under the facts of the case, that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.