EDWARD SHULER v. THE STATE.

No. 18980. Delivered April 28, 1937.
Rehearing Denied June 9, 1937.

The opinion states the case.

*F. E. Knetsch* and *A. C. Linne*, both of Seguin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, twelve years in the penitentiary.

It was charged in the indictment that appellant and another robbed Mr. Hamilton on the night of the 29th of February, 1936. Appellant was positively identified by three witnesses as being the man who committed the robbery.

Appellant made a motion for a continuance based on the absence of his mother, living,—according to the averments in the application,—in Luling, Texas, not many miles away from the scene of the alleged robbery. Appellant set up in the application that he expected to prove by his mother that he was at the home of said mother on the night in question, and at the hour of the alleged robbery. As reason for her not being present at the time of the trial appellant set up that she was ill and could not be present, and attached to his application a certificate of a physician. Note was taken in the qualification of the learned trial judge to the bill of exceptions reserved to the overruling of the application for continuance, that the doctor, who attended the absent witness, made no affidavit to the correctness of his statement. Attention is also called to the fact that when the appellant's motion for new trial was presented, —the chief complaint in which was of the overruling of the application for continuance above referred to,—there was attached to the application no affidavit of the absent witness setting up that she would in fact give or would have given the testimony attributed to her in the application for continuance.

There was also a supplemental application for continuance based on the absence of a witness named Wilson, but it was confessed in the application that neither appellant nor his counsel knew where Wilson could be found; nor could there be any certain averment of the presence of the witness at any future time by a postponement or continuance.

We have laid down the rule in many cases that where there is any question as to the propriety of the refusal of a continuance because of the absence of witnesses, and there be a conviction,—we would look to the motion for new trial in order to ascertain whether the witnesses themselves,—for whose absence continuance was sought,—would in fact give the testimony alleged to be material and absent in the application, and we have often held that where no effort is made in connection with the motion for new trial to show that the witness would have given the testimony stated as expectant,—a new trial would be denied. We think the rule has application here, and that the trial judge committed no error in overruling the motion for new trial.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The judgment of the trial court was affirmed in an opinion rendered April 28, 1937. Attached to the motion for rehearing, filed in this court on May 13, 1937, is an affidavit, bearing the same date, by which it is attempted to bring into the record facts which were not before this court on the original hearing. The affidavit mentioned is relied upon as a basis for the motion for rehearing. It cannot be used for that purpose, nor for any other purpose before this court, as it does not purport to be a part of the record which was prepared in the trial court and certified by the trial judge. The motion for rehearing was evidently prepared on the assumption that the affidavit in question could be considered by this court as a part of the record. However, in that view the appellant is mistaken. An effort to supplement the record by an affidavit, such as was done in the present instance, is of no avail.

Finding nothing which would justify a reversal of the case, the motion for rehearing is overruled.

*Overruled.*