L. B. ALLEN v. THE STATE.

No. 20160. Delivered February 1, 1939.

The opinion states the case.

*C. W. Falvey,* of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is an assault with intent to murder; the punishment assessed is confinement in the state penitentiary for a term of two years.

It appears from the testimony adduced upon the trial that both the defendant and the injured party are negroes and that each of them had served a term in the state penitentiary. Appellant was a stepfather to Charlie Harris, the injured person. He had married Charlie's mother about fifteen years prior to the time of the commission of this offense but had only lived with her at intervals. Charlie's mother was old, feeble and in ill health, and needed the care and attention of some able-bodied woman. Charlie engaged Josie Canada, a negro woman, to do the house work and nurse his mother. Appellant became dissatisfied with the services of Josie, claiming that she stayed drunk and neglected her duties. On the 18th. day of March, 1938, during Charlie's absence from home, appellant discharged Josie When Charlie returned late in the afternoon, he learned what appellant had done. He immediately went to see Josie and asked her to come back and continue her work as she had been doing. Appellant became provoked at what he considered an interference on the part of Charlie with his business. During the early part of the night Charlie went to a nearby restaurant and engaged in a game of whist with a number of negroes. While so engaged, appellant came to the restaurant with a double-barrelled shotgun and commanded everyone to get out but the

"Desparado of Diboll." He levelled his gun at Charlie, whereupon all the negroes fled from the building. Charlie also made an effort to get out, but when he had reached a point near the door, appellant shot him.

Appellant took the witness stand and admitted that he shot his stepson but contended that he did so because Charlie had threatened to kill him if he did not permit Josie to stay and take care of his mother. That he went to the restaurant to talk to Charlie and upon entering told all the negroes to clear out except "the Desparado of Diboll." That when they had done so, Charlie advanced upon him with his hand in his pocket and he then fired upon him.

Appellant first complains because the court declined to grant his application for a continuance based on the absence of his wife who was ill. It appears from the court's qualification of the bill that the alleged absent witness did appear at court and that appellant's attorney conferred with her and then stated to the court that he declined to offer her as a witness. This bill is accepted with the qualification thereto and appellant is bound thereby. Consequently no error is reflected.

Appellant next complains of the court's action in overruling his motion for a new trial, based upon the ground that the court erred in overruling his application for a continuance, and in permitting the state to introduce the same in evidence. We have no way of knowing that the state did, in fact, offer the application in evidence since there is no bill of exception in the record complaining thereof; nor is it shown that any objection was made thereto at the time, if in fact it was offered in evidence. However, the granting or refusal of the motion for a new trial rested within the discretion of the trial court, and unless it is made to appear that the court abused his discretion in this respect, this court would not be authorized to disturb his judgment. See Price v. State, 133 Tex. Crim. Rep., 152; Shuler v. State, 132 Tex. Crim. Rep., 571; Maxwell v. State, 134 Tex. Crim. Rep., 311.

No error of a reversible nature appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.