LEONARD TINDOL V. STATE.

No. 25220. April 11, 1951.
Rehearing Denied May 23, 1951.
Appellant's Application to File Second Motion for Rehearing
Denied (Without Written Opinion) June 6, 1951.

Hon. E. A. Lindsey, Presiding Judge.

*Edward P. Hughes,* Jasper, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for rape; the punishment, twenty-five years in the penitentiary.

The prosecutrix is the niece of appellant, and at the time of the commission of the alleged offense was fourteen years of age.

The prosecutrix testified to facts showing that appellant forcibly and against her will engaged in an act of intercourse with her while in the front seat of an automobile.

A sister seated in the back seat of the automobile witnessed the act, and testified relative thereto.

The two girls made a report to relatives, as also to the sheriff, a short time thereafter.

According to the testimony of a physician, who examined the prosecutrix the same day of the alleged act, he found "the mouth of the vagina was torn and bleeding," and presence of the male spermatozoa was found "deep within the vagina."

The facts warranted the jury's conclusion of guilt, and appellant's contrary contention is overruled.

Appellant, testifying as a witness in his own behalf, denied the alleged act and accounted for his presence at such time and

place in such detail and under such circumstances as to show that he did not and could not have committed the offense.

Complaint is made of the overruling of a first application for a continuance because of the absence of the witness Boodell, by whom it is alleged appellant could have corroborated certain features of his defensive testimony. The absent witness was not under due process of the court.

The state insists that such was the result of the failure of the appellant to exercise reasonable diligence to secure the attendance of the witness. Having concluded that the action of the trial court should be sustained for another reason, that question will not be discussed.

Neither the bill of exception nor motion reflects that the absent witness would have testified, as alleged. No affidavit of the absent witness attesting the fact that he would so testify accompanies the record. A continuance is not granted to an accused as a matter of right, but is a matter addressed largely to the discretion of the trial court. Art. 543, Sec. 6, C. C. P.

It has been the repeated holding of this court that where no affidavit of the absent witness attesting that he would testify, as alleged, is before the trial court upon the hearing of the motion for new trial, the trial court has the discretion to find that the absent testimony was not probably true, or that a different result might not have been reached by the jury had the absent testimony been before them. 9 Tex. Jur., Continuance, Sec. 148, p. 855. Shuler v. State, 132 Tex. Cr. R. 571, 105 S.W. 2d 1095.

Several bills of exception appear complaining of the introduction of testimony. These bills are in question-and-answer form, with no certificate of the trial court for the necessity that they be so drawn. The state challenges our consideration of such bills. Under the established precedents, the challenge is well taken, and such bills cannot be considered by us.

The prosecutrix, being at the time of the commission of the alleged offense under the age of fifteen years, no necessity existed for the trial court to instruct the jury relative to prior acts of intercourse by prosecutrix with others as constituting a defense, as requested by the appellant.

The bill of exceptions presenting this matter is in question-and-answer form, with no certificate of the trial court that same be so drawn. Also, the statement of facts touching this question and developed upon the hearing of the motion for new trial is in question-and-answer form.

The state challenges our consideration of the question by reason of such question-and-answer record. The challenge must be sustained, under the mandatory provisions of Art. 760, C. C. P.

Other bills of exception have been examined, and are overruled without discussion.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the court.

ON APPELLANT'S MOTION FOR REHEARING.

MORRISON, Judge.

The entire record has again been reviewed in the light of appellant's able motion for rehearing. We shall discuss the matters raised therein.

Bill of Exceptions No. 1 complains of the failure to grant his first application for continuance. The indictment in the case at bar was returned on August 29, 1950. The case was set for trial on September 4, and the application for the subpoena for the witness, who did not appear, was made on September 11. Trial was had on September 18, from this we gather that the process for this witness was requested thirteen days after the indictment and seven days before the trial. In Huffman v. State, 107 Tex. Crim. Rep. 188, 296 S.W. 313, issuance of process two weeks after indictment and one week before trial was held not to show diligence. In Mitchell v. State, 36 Tex. Cr. R. 278, 36 S.W. 456, process procured three days after indictment and eight days before trial was held not to show diligence.

There is no showing in the bill of the exercise of any diligence other than the above.

Art. 543, C.C.P., provides that the application for continuance must make it appear to the court that the facts expected to be

proved by the witness were material to his defense. To an attorney familiar with the facts of his case, such materiality might be apparent, while to the judge, not so informed, such would not necessarily be so discernible. It is incumbent upon appellant to bring the materiality of such desired testimony home to the judge in his application. This, we feel, was not done in this case.

Our attention is next directed to Bill of Exceptions No. 12 wherein appellant complains of the trial court's failure to grant his motion for new trial. "A motion for new trial cannot be made a substitute for or take the place of a bill of exception. Matters which should be presented by bills of exception reserving complaint as to rulings of the court during the trial may not be brought simply forward by setting up complaint in a motion for new trial, or by taking a bill of exceptions to the overruling of a motion for new trial setting up such matters as grounds of the motion." 4 Tex. Juris, Sec. 148, p. 206. This bill presents nothing for review, insofar, as it deals with matters occurring during the course of the trial.

We now come to consideration of that portion of said bill dealing with jury misconduct, together with the other bills relating thereto, and the statement of facts adduced upon the hearing on the motion. Each of these instruments appears in question and answer form, and none of them contains a certificate from the trial court that such form was necessary. Art. 760, C.C.P., provides that the statement of facts *shall* be in the narrative form and so shall the bills of exception unless the trial court certifies that the questions and answers are necessary. In view of the above statute and the long line of unbroken decisions of this court, we find ourselves without authority to consider the same. Since we have nothing before us which we may consider, the presumption that the trial court did not abuse his discretion controls.

In this connection attention is directed to the rule that a bill of exceptions becomes an unamendable instrument once the appeal is perfected and the time for filing such bills has expired, because the trial court is then without jurisdiction to make any order whatsoever in the case. For this court to allow the filing of amendments or additions to bills in cases on appeal would so complicate and delay the adjudication of a cause of action that this court might never remain current with its docket. This we

must do in order to properly perform our function in the judicial system.

Appellant's motion for rehearing is overruled.