## DEWEY BRITTON PARKHILL V. STATE

No. 25533. November 28, 1951.
Rehearing Denied January 9, 1952.

Hon. O. E. Gerron, Judge Presiding.

*Murray J. Howze*, Monahans, and *Guy A. McFarland*, Odessa, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The driving, while intoxicated, of a motor vehicle upon a public highway is the offense; the punishment, a fine of $50.

A highway patrolman arrested appellant while driving his truck upon a public highway in Ector County. According to the testimony of the arresting officer, appellant was staggering drunk at the time; other witnesses corroborated that testimony. Appellant denied that he was drunk, but admitted having drunk two bottles of beer some time before his arrest; other witnesses testified that appellant was not drunk at the time.

Complaint is made of the overruling of a motion for a continuance which was requested because of the absence of the witness Payne, by whom appellant expected to prove that a short time prior to the arrest, he (appellant) was not drunk.

No affidavit of the absent witness that he would so testify was presented upon the hearing of the motion for new trial. The denial of a continuance is not error where it is not shown upon the hearing of the motion for new trial that the absent witness would, in fact, give the testimony alleged to be material (Shuler v. State, 132 Tex. Cr. R. 571, 105 S. W. 2d 1095) or that the absent testimony was probably true (McCulley v. State, 103 Tex. Cr. R. 126, 280 S. W. 223).

By Bill of Exception No. 2, appellant complains, jointly, of the entire direct examination of two witnesses and of portions of the testimony of other witnesses. Obviously, such a bill of exception is multifarious. The motion of the state challenging consideration of the bill is well taken for that reason. The bill as thus drawn presents nothing for review.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

#### ON MOTION FOR REHEARING

MORRISON, Judge.

Our original opinion herein refused to consider Bill of Exception No. 2, because we considered the same multifarious. If the same be considered as directed to the error of the court in admitting the testimony of the witnesses Anderson and Carruthers, as shown in the bill, then certainly our disposition of the same was consistent with a long line of authorities of this court.

If, on the other hand, this bill be considered as directed to the failure of the court to grant a mistrial at the close of the testimony because the state had not connected the testimony of the witnesses named above with the controversy pending before the court, then another question is raised. This question, however, is answered adversely to appellant by the court's qualification on the bill of exceptions, to which appellant failed to except. The court qualified the same by stating that the evidence complained of in the bill was not all the evidence adduced at the trial pertaining to the issue. The court further stated that in his opinion the testimony in question "was sufficiently connected with the offense upon which the defendant was being

tried to render the same admissible." Appellant having accepted these qualifications is bound thereby.

Appellant's motion for rehearing is overruled.