PORFIRIO RODELE V. STATE.

No. 26,052. November 19, 1952.
Rehearing Denied January 14, 1953.

*J. R. Hall*, Littlefield, for appellant.

*E. W. Boedeker*, County Attorney, Levelland, and *George P. Blackburn*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The information herein alleges two unlawful sales and one unlawful possession of beer in a dry area; upon a verdict of guilty on all three counts of the information, the punishment assessed totaled 180 days in jail and a fine of $900.00.

The witness Baxter, an agent of the Texas Liquor Control Board, testified that on February 12, 1952, he went to a house west of the town of Anton, where he purchased two quarts of beer from the appellant. He stated further that on February 14, 1952, he returned to this house and asked apellant for more beer; whereupon, appellant went to an automobile parked near the house, raised the hood, took therefrom the requested number of bottles, and returned to the witness's car with them. Baxter testified that as soon as he consummated this second purchase from the appellant he made his identity known and then went over to the automobile, raised the hood, took therefrom thirteen quarts of beer, and placed appellant under arrest.

We find evidence sufficient to support the conviction.

Appellant complains of the overruling of his motion for continuance. The information herein was filed on February 15, 1952. On April 22, 1952, he made application for a subpoena for four witnesses. The case was called for trial on May 1, 1952. The sheriff's return on the subpoena stated that he had been unable to locate any of the witnesses.

In Tindol v. State, 156 Tex. Cr. R. 187, 239 S. W. 2d 396, we held that where process for a witness was requested thirteen days after the return of an indictment and seven days before the trial diligence had not been shown. There is no showing in

the bill of exception of the exercise of any diligence other than the above, and we hold such showing to be insufficient.

Bill of Exception No. 9 complains of a comment by the court on the weight of the evidence. The only contest as to the appellant's identity arose out of the plea of "not guilty." The bill shows that, during the course of the cross-examining of the witness Baxter, the following occurred:

"Q. Did you ever make a mistake about identifying a man you bought from? A Yes, sir.

"Q You made a mistake? A. Yes, sir.

"Q Was that man a Latin-American or a Mexican boy? A No, sir.

"Q. Did you testify on the stand about your identification, about the mistake you made?

"Mr. Boedeker: Your Honor, I am going to object to this line of testimony. I say it has no bearing on this case whatsoever; he has identified the man.

"The Court: I think he has pretty well identified him. I am going to overrule the objection.

"Mr. Boedeker: You what?

"Mr. Hall: Now, your Honor, the statement of the Court, at this time we want to object to the Court's statement as to being a comment on the weight of the testimony wherein the Court stated that he had identified the defendant; we ask the Court at this time to declare a mistrial.

"The Court: Gentlemen of the jury, you will not consider my statement for any purpose as to any evidence whatsoever and I am going to overrule the motion for a mistrial."

Had the question of the identity of the appellant been a sharply contested issue, then the remark of the court would certainly have presented a more serious question. In view of the fact that the officer testified that he arrested the appellant immediately after the second sale, we fail to see how the question of his identity could be a serious one.

Bill of Exception No. 11 complains of argument of the county attorney which appellant contends constituted a comment upon his failure to testify.

The bill presents nothing for review because nowhere therein do we find any certificate that the appellant did not in fact testify.

The argument as made could just as logically have referred to res gestae statements made by accused at the time of his arrest as it could to any testimony he might have given in his own behalf.

Appellant complains of the admission into evidence of the fruits of the search of the automobile.

Under the facts of this case, we find the search authorized, since the officer was acting on probable cause.

Finding no reversible error, the judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

Appellant complains in his motion for rehearing herein that nowhere was it shown by proof that the liquor alleged to have been sold contained more than one-half of one per cent of alcohol by volume, but that merely the word "beer" appears relative to the article that was sold.

Article 667-1(b) Vernon's P.C., reads as follows:

"The term 'beer' means a malt beverage containing one-half of 1% or more of alcohol by volume and not more than 4% of alcohol by weight, and shall not be inclusive of any beverage designated by label or otherwise by any other name than beer."

See also Words & Phrases, Permanent Edition, Vol. 5, page 258.

Appellant also complains of the fact that a large quantity of beer was found as a result of the search of an automobile by an agent of the Texas Liquor Control Board, out of which automobile appellant had just sold two quart bottles of beer to such agent. We think that the Texas Liquor Control Board agent was within his rights, he having probable cause to search the appellant's automobile in which it seems that he found concealed therein thirteen 32-ounce bottles of beer. If appellant's objection was to the search of a house nearby wherein another large quantity of beer seems to have been stored, it is not shown to have been his home, but it is shown that he agreed to the

search thereof after he had made the two sales that were utilized in the trial of this cause, as well as the beer concealed in the automobile had been found as the result of a search under probable cause.

We see no reason for writing further herein since we think our original opinion properly disposes of the questions presented.

The motion for rehearing is overruled.