**Alberto ADAMI, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38107.**

Court of Criminal Appeals of Texas.

Dec. 1, 1965.

Rehearing Denied Jan. 19, 1966.

Raeburn Norris, Houston, Nago L. Alaniz, San Diego, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Justice.

This is an appeal from a conviction for the felony offense of drunk driving with punishment assessed by the jury at two years in jail and a fine of $5,000.

The state's testimony reflects that about 10 o'clock P.M. three State Highway Patrolmen met appellant who was driving an automobile on a public highway, weaving from one lane of traffic to the opposite lane; that the officers turned and followed him for approximately a mile and a half and stopped him; that he was the only person in the car; that upon being asked for his driver's license he fumbled for his wallet; that he staggered when he walked and almost fell down; that in the opinion of the officers he was intoxicated.

A sample of his urine taken from appellant with his consent was shown to contain 0.36 percent alcohol, which according to the testimony of the chemist and toxicologist would approximate .18 percent alcohol in the blood, and everyone with that amount of alcohol in the urine would be intoxicated.

The prior misdemeanor conviction for drunk driving was proved by certified copies of the complaint, information and judgment and appellant was identified by a witness as the defendant so convicted.

Appellant took the stand in his own defense. He admitted his previous misdemeanor conviction as alleged in the indictment.

He testified that he drank one beer before lunch; two after lunch (about 3 P.M.) and two about 8 P.M., but denied that he was intoxicated.

In his brief appellant concedes that the record reflects sufficient evidence, although conflicting, to support the jury's finding of guilty and that no formal bills of exception were taken.

The sole ground upon which reversal is sought is that the court erred in overruling his motion for new tiral.

The motion for new trial is only a pleading and cannot be made a substitute for a bill of exception. Tindol v. State, 156 Tex.Cr.R. 187, 239 S.W.2d 396.

The matters complained of are alleged to have occurred during jury argument and are not before us other than as shown in the statement of facts on the motion for new trial which sets out conflicting testimony of counsel for appellant and the district attorney.

In the absence of a formal or informal bill of exception, this Court is in no position to pass upon the claim of error.

The sentence provides for appellant's confinement in jail for not less than 10 days nor more than 2 years and until the fine of $5,000 and costs are paid.

Art. 775 C.C.P. which requires an indeterminate sentence does not apply when a jail term is assessed. The sentence is reformed to provide that appellant be confined in jail for two years and until the fine and costs are paid.

As reformed, the judgment is affirmed.