**Geronimo OJEDA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41246.**

Court of Criminal Appeals of Texas.

May 8, 1968.

Rehearing Denied June 19, 1968.

Raul Villarreal, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Charles T. Conway, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary; the punishment, 10 years.

Though the indictment alleged two prior felony convictions, the jury at the hearing on punishment found appellant guilty of the primary offense only and assessed his punishment at 10 years.

Appellant's first ground of error relates to an alleged error which he contends occurred while he was cross examining the identification expert witness McAda at the hearing on punishment. Appellant's counsel asked the witness to show the jury how he had compared the fingerprint cards which had been offered to show appellant's identity as being the same person who had been convicted in the prior convictions alleged. His contention seems to be that in giving answers the witness made the jurors witnesses. With this contention we do not agree and certainly no harm has been shown because the jury declined to find that appellant was in fact the same person who had been convicted in the earlier cases. Womack v. State, 160 Tex.Cr.R. 237, 268 S.W.2d 140; Moynahan v. State, 140 Tex. Cr.R. 540, 146 S.W.2d 376; Spinks v. State, 157 Tex.Cr.R. 612, 252 S.W.2d 159; and Rodele v. State, 158 Tex.Cr.R. 167, 254 S.W.2d 122, relied upon by appellant could not possibly have application to the facts before us here. They deal with unsworn testimony of the prosecutor. Rodgers v. State, 137 Tex.Cr.R. 442, 131 S.W.2d 766, and Castleberry v. State, 155 Tex.Cr.R. 383, 235 S.W.2d 656, do, however, control in a case such as the one at bar. The holding in such last named cases was that proof of prior convictions which were not utilized by the jury for the purpose of enhancement did not constitute error.

Appellant's grounds of error two and three will be discussed together. They are based upon appellant's contention that the court committed error when he permitted the State to introduce evidence as to the prior convictions at the hearing on penalty. If we properly understand his brief, he contends that the court erred in permitting proof of a prior narcotic conviction when the primary offense was burglary, and because he alleges, but does not prove so far as we are able to determine from this record, that appellant was not represented by counsel when he was sentenced in 1958 to five years.

Bowers v. State, 155 Tex.Cr.R. 401, 235 S.W.2d 449, authorizes the enhancement under Article 63, Vernon's Ann.P.C. of punishment upon conviction of burglary by proof of a prior narcotic conviction.

In the absence of proof as to the sentencing, we are not called upon to decide this phase of appellant's contention.

We do not agree with appellant's broad assertion that Article 37.07, Vernon's Ann.C.C.P., is unconstitutional.

Finding no reversible error, the judgment is affirmed.