Spencer A. HILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 44132.

Court of Criminal Appeals of Texas.

Oct. 20, 1971.

---

Quon D. Lew, San Antonio, for appellant.

Ted Butler, Dist. Atty., Bob Spicer, Fred Rodriguez and Lucien B. Campbell, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary with intent to commit theft, with the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., being assessed at 12 years.

In his sole ground of error appellant contends the prior 1967 burglary conviction in the 144th District Court alleged for enhancement was improperly used for that purpose since he was not represented by his counsel at the time of the formal sentencing in such cause.

Following the guilty verdict in the instant case on appeal the punishment was assessed by the court. At such penalty hearing the State offered the authenticated prison packet containing a certified copy of the judgment and sentence in the prior conviction alleged, a set of fingerprints and photographs, etc. A fingerprint expert then testified that the fingerprints included were identical to a set of known fingerprints taken from the appellant by the witness.

Appellant objected to the introduction of evidence of the prior conviction, contending the sentence reflected that on July 31, 1967, the appellant "appeared in person and by counsel Claude Bailey for David Evans." Appellant's brief acknowledges that David Evans represented him at the time of his guilty plea on July 10, 1967, which resulted in his prior conviction as is reflected by the judgment but contends that Evans was not present at the time of the sentencing and he does not know who Claude Bailey is or whether he was even a lawyer. Although appellant objected on this ground, he offered no proof either at the penalty stage of the trial or at the hearing on the motion for new trial.

 It being established that appellant was represented by counsel at the sentencing, any defect therein not apparent on the face of the formal sentence became a matter of proof for him to show. In absence of such proof, no error is presented. Ojeda v. State, Tex.Cr.App., 428 S.W.2d 811.

The judgment is affirmed.