Joe MILLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 45202.

Court of Criminal Appeals of Texas.

July 28, 1972.

**265**

M. Gabriel Nahas, Jr., George Ellis, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Bert Graham, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of possession of marihuana. The jury assessed the punishment at ten years.

Appellant contends that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the Constitution of the United States.

Appellant had counsel of his choice. Any incompetency of retained counsel cannot be imputed to the State. Erdelyan v. State, Tex.Cr.App., 481 S.W.2d 843; Davis v. State, Tex.Cr.App., 429 S.W.2d 895.

We have carefully examined the record and cannot conclude there was ineffective assistance of counsel. This record does not support or reflect any wilful misconduct by an employed counsel without appellant's knowledge which amounts to a breach of the legal duty of an attorney. Trotter v. State, Tex.Cr.App., 471 S.W.2d 822.

Nothing appears in the record to show any bad faith, insincerity or disloyalty toward appellant by his attorney. A good faith error or mistake, if any, made by retained counsel with earnest and honest purpose to serve his client cannot be the basis of a claim of reversible error. See Popeko v. United States, 294 F.2d 168 (5th Cir. 1961).

Appellant next contends that the court committed error when it submitted to the jury a printed form with the word "years" typed in on the second and alternative verdict of the jury on assessment

of the punishment, the first form being for life imprisonment.

The form of the verdict in question reads as follows:

"The Defendant, Joe Mills having been found guilty as charged in the indictment, we, the Jury, assess his punishment at confinement in the Department of Corrections of the State of Texas for a period of ———— years."

Appellant argues that the use of the word "years" restricted the jury on assessment of the punishment in that it prevented them from returning a verdict in terms of years and months, months, or days. This contention is without merit. The court in its charge to the jury on punishment correctly stated that the punishment for possession of marihuana shall be confinement in the Texas Department of Corrections for not less than two years nor more than life. Two forms were provided the jury. Even if an objection had been made to the charge or the form of verdict, no error would be presented. The jury could have assessed the punishment at any fractional part of a year in excess of two years had it so desired.

■ In his final ground of error appellant alleges that the evidence presented in the case is insufficient to support the verdict of the jury.

The record shows that appellant and one John Austin were observed by two narcotics officers of the Houston Police Department standing next to a building, that in the course of their conversation appellant withdrew a brown paper bag from a hole in the wall on the side of the building, and that an exchange of money and a small package occurred between appellant and John Austin. Appellant was then observed placing the brown paper bag back in the hole in the wall of the building. At this time the officers approached and identified themselves and withdrew the brown bag from the hole in the wall. The bag was found to contain four (4) penny matchboxes containing a green plant-like substance later analyzed as marihuana by a chemist of the Houston Police Department.

We hold the evidence is sufficient to establish directly actual possession of marihuana by appellant.

No reversible error is shown. The judgment is affirmed.

ROBERTS, J., not participating.