**James William PERKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45258.**

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

James William Perkins, pro se.

Carol S. Vance, Dist. Atty., Phyllis Bell and Bert Graham, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is felony theft with three prior convictions alleged for enhancement; the punishment, life.

We shall discuss the "Allegations of Error" set forth in appellant's pro se brief.[1]

■ He first contends that he was denied a speedy trial. The indictment was filed on November 25, 1970, and this trial began on March 9, 1971. In Robinson v. State, Tex.Cr.App., 470 S.W.2d 697, this court held that a delay did not violate the appellant's right to a speedy trial where he did not demand a speedy trial, did not seek a writ of mandamus from the Supreme Court, was not prejudiced by the delay, and where there is no indication of any intention on the State's part to prejudice or oppress the appellant. Further, the record reflects that during the preliminary colloquy the Court stated that he had "been attempting to get this case to trial for you [appellant] for quite a while" and that on prior occasions attorneys appointed to represent the appellant had been discharged or were allowed to withdraw at appellant's request. Under the circumstances of this case, appellant's contention is without merit. Barker v. Wingo, 407 U.S. 514, 92 S. Ct. 2182, 33 L.Ed.2d 101 (1972).

■ The second and sixth contentions involve the prior convictions alleged for enhancement. He claims that the State failed to prove his prior convictions in Cause #9067 and that the introduction of the "pen-papers" of his three prior convictions violated his right to confrontation and cross-examination. State's Exhibits #3, #4, and #5 consist of the authenticated, certified copies of the original records of the Department of Corrections and contain the judgment of the prior convictions, including those in Cause #9067, together with the appellant's photographs and fingerprints. R. M. Mannix of the Houston Police Department's Identification Division testified that he had taken appellant's fingerprints two days earlier and that they were the same as those included in each exhibit. The prior convictions

---

1. The record reflects that the appellant waived his right to counsel on appeal after the trial court apprised him of such right and appointed an attorney to be available to appellant for consultation.

were proved in a manner approved by this court. Harrington v. State, Tex.Cr.App., 424 S.W.2d 237; Williams v. State, Tex.Cr.App., 441 S.W.2d 853; Childress v. State, Tex.Cr.App., 472 S.W.2d 133.

Appellant's third and fourth contentions are that the prior convictions in Causes #46,299 and #1235 were void because they did not reflect a signed waiver to stipulations of evidence or a signed waiver of a trial by jury and that he was not represented by counsel at any of the prior convictions. An examination of the judgments in Causes #46,299 and #1235 reflects that they were entered upon appellant's plea of guilty after he waived a jury in person and by attorney and that the court heard evidence and found the appellant guilty. If the record reflects the appellant was represented by counsel at sentencing, it becomes incumbent upon the appellant to prove any defect not apparent on the face of the formal sentence. Hill v. State, Tex.Cr.App., 472 S.W.2d 124. The assertions in the appellant's brief are insufficient to overcome the regularity and accuracy of the court's records. Martin v. State, Tex.Cr.App., 463 S.W.2d 449, and cases there cited.

His next contention is that he was denied the effective assistance of counsel at this trial. The record is clear that, well in advance of trial, the Court appointed the Honorable Buddy Stevens and the Honorable Sam Wilson to represent the appellant. On the date the case was called the appellant stated that he wanted to "fire" his court appointed attorney and did not want any attorney to represent him and demanded that he be permitted to represent himself. The docket sheet reflects that on three prior occasions the appellant had discharged appointed counsel for the purpose of delay and admitted such fact in open court. After repeated warnings [2] the trial court granted appellant's request that he be allowed to represent himself, but the Honorable Buddy Stevens was ordered to sit at the counsel table with appellant to be available for consultation throughout the trial.

Appellant's seventh contention is that the trial court should have granted him a new trial because the State produced no eye witnesses to the crime. The appellant was arrested following a chase near the burglarized premises and in possession of numerous articles stolen from said premises. This contention is clearly without merit.

Appellant's last contention is that he had been convicted of burglary and that the instant charge of theft grew out of the same transaction. Without conceding that this occurred, we observe that, in this State, a former conviction for burglary will not bar a prosecution for theft of the property taken from the burglarized home. Articles 1399 and 1400, Vernon's Ann.P.C., Pena v. State, Tex.Cr.App., 442 S.W.2d 691.

Finding no reversible error the judgment is affirmed.

2. A portion of the colloquy in question reads:

"THE COURT: You're asking this Court or telling this Court, if you would like to put it that way, that you want to discharge both lawyers representing you in this matter, waive your right to have attorneys represent you at no cost to you in this matter . . . and that you want to represent yourself in this case; is that what you are requesting of the Court, sir?

DEFENDANT PERKINS: That's what I am telling the Court.

THE COURT: Let the record so show.

You do understand you have the right to have a lawyer represent you and you have that right at no cost to you, appointed by the Court, you understand?

DEFENDANT PERKINS: I understand.

THE COURT: You are waiving that right explicitly and specifically in open court?

DEFENDANT PERKINS: Yes, I am."