**Wesley SELLERS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45710.**

Court of Criminal Appeals of Texas.

Feb. 14, 1973.

Rehearing Denied April 11, 1973.

Will Gray, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for murder. Punishment was assessed by the jury at life.

The sufficiency of the evidence is not challenged.

Appellant contends that he was denied effective assistance of counsel because of the court's failure to continue the trial so that his retained counsel could prepare for trial and that, as a result of the denial of the continuance, he was unable to obtain witnesses in his behalf.

The offense for which appellant was tried occurred on November 26, 1969. Appellant obtained the services of retained counsel on November 28, 1969. Counsel represented appellant at arraignment on December 30, 1969, at a writ of habeas

corpus hearing on January 9, 1970, at a motion for discovery on January 23, 1970, and on a motion for change of venue on February 4, 1970. Appellant's counsel filed a motion for continuance on April 1, 1970, which recited, "it was recently brought to the attention of Defendant's attorney that Leonard Minor has made repeated statements concerning the facts of this case, that if true would prove that the Defendant herein is not guilty of the act charged in this case or any other criminal act; that if it is determined that his statements are true, additional witnesses will be necessary to properly defend Defendant against the charges in the indictment, that additional time is needed to properly prepare for trial." Appellant's motion for continuance was overruled by the court on April 6, 1970, after which trial began on the same date. The motion for continuance was not signed and sworn to by appellant as required by Article 29.08, Vernon's Ann.C.C. P. See Galvan v. State, Tex.Cr.App., 461 S.W.2d 396; Brock v. State, Tex.Cr.App., 424 S.W.2d 436; Hill v. State, Tex.Cr. App., 429 S.W.2d 481. Further, the motion did not list the names of the additional witnesses, did not state facts expected to be proved by witnesses or allege that witnesses were not absent by procurement or consent of appellant; that diligence had been used to procure their attendance, or that they would not be available at future date in same term of court. See Article 29.06, V.A.C.C.P.; Glover v. State, Tex. Cr.App., 470 S.W.2d 688.

The court did not abuse its discretion in overruling this motion for continuance and appellant was not denied effective assistance of counsel because of such ruling. Counsel had been retained by appellant on November 28, 1969, and trial did not begin until April 6, 1970. We find no merit in the contention that appellant's counsel did not have adequate time to prepare for trial.

■ Appellant contends he was denied effective assistance of counsel contrary to the Sixth and Fourteenth Amendments to the Constitution of the United States. Counsel being retained, any claimed incompetency or lack of effective assistance on the part of such counsel cannot be imputed to the State. Guerrero v. State, Tex.Cr. App., 487 S.W.2d 729; Howard v. Beto, 375 F.2d 441 (5th Cir.). This record does not support or reflect any willful misconduct by appellant's employed counsel without appellant's knowledge which amounts to a breach of the legal duty of an attorney. Guerrero v. State, supra; Mills v. State, Tex.Cr.App., 483 S.W.2d 264; Trotter v. State, Tex.Cr.App., 471 S.W.2d 822.

■ Nothing appears in the record to show any bad faith, insincerity or disloyalty toward appellant by his attorney. A good faith error or mistake, if any, made by retained counsel with earnest and honest purpose to serve his client, cannot be the basis of a claim of reversible error. Mills v. State, supra. See Popeko v. United States, 294 F.2d 168 (5th Cir.).

No error is shown.

Appellant contends that portion of Article 37.07, V.A.C.C.P., which provides for the introduction of evidence at the punishment stage of the trial as to defendant's "prior criminal record, . . . his general reputation and his character," violates both the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States. The validity of this provision of Article 37.07, V. A.C.C.P., has been upheld in numerous cases by this Court. See Fletcher v. State, Tex.Cr.App., 437 S.W.2d 849; Smith v. State, Tex.Cr.App., 437 S.W.2d 835; Wilson v. State, Tex.Cr.App., 434 S.W.2d 873; Ojeda v. State, Tex.Cr.App., 428 S.W.2d 811.

Appellant's pro se briefs have been reviewed, and contentions raised therein which have not been discussed herein are without merit.

The judgment is affirmed.

Opinion approved by the Court.