**Affirmed as Modified and Opinion Filed August 2, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00586-CR

### JOSE ANTONIO CERVANTES, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court Cause No. F17-76189-I**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Nowell

A jury convicted Jose Antonio Cervantes of indecency with a child by contact and assessed punishment at four years in prison. In five issues, appellant contends the trial court abused its discretion by overruling his objection to the State's delay in amending its witness list, he was egregiously harmed by the punishment charge because it required punishment to be assessed in terms of whole years, the trial court violated article 36.27 regarding jury communications, the bill of costs includes unconstitutional fees, and clerical errors in the judgment should be corrected. We agree the judgment should be modified to correct a clerical error. In all other respects, we overrule appellant's issues and affirm the trial court's judgment as modified.

### BACKGROUND

The complainant, A.S., was thirteen years old at the time of the offense. Complainant's

mother, M.S., dropped her and her three younger sisters off at the home of M.S.'s aunt, Maria, who is married to appellant. Maria agreed to watch the children while M.S. and her husband went out for the evening with Maria's daughter and her husband. M.S. returned later that night to pick up the children.

On the way home, A.S. asked her mother questions about someone touching a person inappropriately. A.S. said she had seen a story on television about such touching. When they got home, M.S. asked A.S. in private if anything had happened to her. A.S. told her mother she had been watching television in Maria's house when appellant came into the room and told her she was growing up and becoming more beautiful. Appellant then touched A.S.'s breast over her clothes with his hand. As A.S. moved away, appellant touched her butt over her clothes. Later that night, appellant approached her from behind while she was lying on the bed next to her younger sister. Appellant lifted her shirt and put his mouth on her breast and touched her private part between her legs. Afterwards he made a "pinky promise" with her not to tell anyone what happened.

A.S. testified at trial about the details of the incident. She also testified she called her friend, J.M., from appellant's house and told her that appellant had touched her. A.S.'s ten-year-old sister, V.S., testified she saw appellant touch A.S.'s breast. J.M. testified that A.S. called her that night, crying and upset.

## DISCUSSION

### A. Objection to Amended Witness List

Appellant argues in his first issue that the trial court abused its discretion by denying his objection to the testimony of V.S. and J.M. Defense counsel filed a request for disclosure of the State's witnesses on March 30, 2018. The State's original witness list did not include V.S. and J.M. On April 3, however, the State filed an application for a subpoena for V.S. and one for J.M.

–2–

on April 10. The State amended its witness list on the day of jury selection, April 18, 2018, adding V.S. and J.M. as witnesses. Appellant objected that the witnesses were not timely listed on the witness list and argued their testimony should be excluded. The trial court overruled the objection. Both witnesses testified on April 19, 2018.

Upon request by the defense, notice of the State's witnesses should be given. *Stoker v. State*, 788 S.W.2d 1, 15 (Tex. Crim. App. 1989), *abrogated on other grounds by Leday v. State*, 983 S.W.2d 713 (Tex. Crim. App. 1998). If the trial court allows an undisclosed witness to testify, we review the decision under an abuse of discretion standard of review. *See Patterson v. State*, 138 S.W.3d 643, 650 (Tex. App.—Dallas 2004, no pet.); *Castaneda v. State*, 28 S.W.3d 216, 223 (Tex. App.—El Paso 2000, pet. ref'd); *Horner v. State*, 129 S.W.3d 210, 214 (Tex. App.—Corpus Christi 2004, pet. ref'd). In determining whether the trial court abused its discretion, we consider whether (1) the prosecutor acted in bad faith in failing to provide the defense with the name of the witness and (2) the defendant could reasonably anticipate that the witness would testify despite the State's failure to disclose the witness's name. *See Wood v. State*, 18 S.W.3d 642, 649 (Tex. Crim. App. 2000) (applying test to witness who was not timely disclosed); *Stoker*, 788 S.W.2d at 15; *Horner*, 129 S.W.3d at 214; *Castaneda*, 28 S.W.3d at 223. In determining whether the State acted in bad faith in failing to provide the name of the witness, we consider whether the State intended to deceive, whether the State's notice left adequate time to prepare, and whether the State freely provided the defense with information. *Horner*, 129 S.W.3d at 214; *Hardin v. State*, 20 S.W.3d 84, 88 (Tex. App.—Texarkana 2000, pet. ref'd).

Appellant argues strenuously that the prosecutor acted in bad faith by not supplementing his witness list when he requested subpoenas for the witnesses several days before trial. Although the State never offered an explanation for why it waited several days after requesting subpoenas for V.S. and J.M. to supplement its witness list, there is no evidence of an intent to deceive defense

counsel. The State notified appellant the day before the witnesses testified and, discussed below, the State previously provided some information regarding the witnesses to the defense. Further, even if supported by the record, bad faith is only part of the analysis. We also consider whether the defense could have reasonably anticipated the testimony of the witnesses.

There is evidence the State maintained an open file policy and shared what information it had on V.S. and J.M. with defense counsel. Defense counsel was aware of V.S.'s interview with Dallas Children's Advocacy Center and indicated she had expected V.S. would be on the original witness list. Defense counsel thought the State made a strategic decision not to call V.S. because her interview differed from that of the complaining witness. Defense counsel also stated she did not know J.M.'s last name until she was listed on the amended witness list and had not had the opportunity to talk with her. The State pointed out that V.S.'s interview was disclosed in discovery and her connection with the case was no surprise to the defense. The State further argued that J.M.'s name did appear in the incident report turned over to the defense and that the State had not yet spoken with J.M. The prosecutor explained that he subpoenaed J.M. after talking with other witnesses and put her on the amended witness list out of an abundance of caution if he decided to call her as a witness. The prosecutor then offered to make J.M. available to the defense for an interview. The record indicates defense counsel interviewed J.M. outside the courtroom shortly before she testified.

Based upon this record, the trial court could reasonably conclude the State did not act in bad faith and that the defense could reasonably have anticipated the witnesses would testify. We conclude the trial court did not abuse its discretion by overruling appellant's objection. We overrule appellant's first issue.

### B. Punishment Charge Error

In his second issue, appellant argues he was egregiously harmed because the punishment

charge and verdict form required the jury to assess punishment in terms of whole years. Appellant was convicted of a second degree felony offense. The punishment range for a second degree felony is imprisonment "for any term of not more than 20 years or less than 2 years" and a potential fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33.

We review the jury charge for error before determining whether any error was harmful. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003). We assess the degree of harm based on whether the error was preserved. *Id.*; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). The verdict form is considered part of the charge and is included in our analysis. *Jennings v. State*, 302 S.W.3d 306, 307 (Tex. Crim. App. 2010). In determining whether charge error exists, we consider the charge as a whole rather than as a series of isolated statements. *Holley v. State*, 766 S.W.2d 254, 256 (Tex. Crim. App. 1989). If we find error, we apply the appropriate harm analysis depending on whether the error was preserved in the trial court. *See id.* at 311 (all jury-charge errors are cognizable on appeal, but unobjected-to error is reviewed for "egregious harm," while objected-to error is reviewed for "some harm.").

The punishment charge provides as follows:

> You are instructed that the punishment of Indecency with a Child, is confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of not less than 2 years nor more than 20 years, and the jury in its discretion, may, if it chooses, assess a fine in any amount not to exceed $10,000.00, in addition to confinement in the penitentiary.

> Therefore, you will assess the punishment, upon said finding of guilt, at any term of years not less than 2 years nor more than 20 years; and in addition, if you choose to assess a fine in addition to such confinement, you will assess such fine in an amount not to exceed $10,000.00.

The verdict form states that the jury, having found appellant guilty, "unanimously assess his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for _____ (2 to 20) years and a fine of $_____ (0 to 10,000)."

Appellant did not object to the punishment charge at trial. During deliberations, the jury

sent a note to the court asking, "Can we allocate months, or only full years?" The trial court wrote to the jury that they had "heard all the law and evidence." The jury wrote "4" in the first blank and "0" in the second blank of the verdict form.

Appellant argues the charge is erroneous because the penal code does not require that that punishment be assessed only in terms of years. However, the court of criminal appeals has held that a verdict form requiring an answer in a term of years was not erroneous. *Mills v. State*, 483 S.W.2d 264, 265–66 (Tex. Crim. App. 1972). In *Mills*, the punishment charge "correctly stated that the punishment for possession of marihuana shall be confinement in the Texas Department of Corrections for not less than two years nor more than life." *Id*. The verdict form in *Mills* provided as follows:

> The Defendant, Joe Mills having been found guilty as charged in the indictment, we, the Jury, assess his punishment at confinement in the Department of Corrections of the State of Texas for a period of _____ years.

*Id*. The appellant argued that use of the word "years" prevented the jury from considering a punishment in terms of years and months, months, or days. *Id*. The court rejected this argument and held no error was presented. *Id*. "The jury could have assessed the punishment at any fractional part of a year in excess of two years had it so desired." *Id*. Here, although the application paragraph and the verdict form use the word "years," the abstract portion correctly instructed on the full range of punishment applicable to this case. The jury was not precluded from assessing punishment in any fractional part of a year not less than two years or more than twenty years if it had so desired.

Considering the charge as a whole, we conclude the trial court correctly instructed the jury with the proper range of punishment and the charge and verdict form are not erroneous. Further, any error in the charge did not result in egregious harm because the jury assessed punishment within the appropriate range of punishment. *See Cartwright v. State*, 833 S.W.2d 134, 136–37 (Tex. Crim. App. 1992) (no egregious harm where jury assessed fine within the lawful range even

though charge erroneously allowed fine in excess of amount allowed by law). We overrule appellant's second issue.

### C. Jury Communications

In his third issue, appellant argues the trial court violated article 36.27 in responding to the jury note discussed in the previous section. Appellant argues the trial court was required to consult with the parties on the record about its response. Here, the jury's note and the trial court's written response are in the record, but there is no record of the consultation with the defense before the response was given to the jury.

Article 36.27 of the Texas Code of Criminal Procedure requires a trial court, in responding to a communication from the jury, to "use reasonable diligence to secure the presence of the defendant and his counsel" prior to issuing a response to the communication. TEX. CODE CRIM. PROC. ANN. art. 36.27. If the trial court "is unable to secure the presence of the defendant and his counsel, then [it] shall proceed to answer the same as [it] deems proper." *Id.*

During their deliberations on punishment, the jury sent a note asking, "1) Does the 8 months already served count toward any sentence duration?; 2) Can we allocate months, or only full years?" The trial court's written response was, "You have heard all the law and evidence." There is no mention of the note or the response in the reporter's record.

The State argues that appellant has procedurally defaulted his complaint because the record is silent on the procedure followed by the trial court in responding to the note. We agree. As a perquisite to presenting a complaint on appeal, the record must show the appellant raised the complaint by a timely request, objection, or motion stating the grounds for the ruling desired and obtained a ruling from the court. TEX. R. APP. P. 33.1(a). "It is usually the appealing party's burden to present a record showing properly preserved, reversible error." *Word v. State*, 206 S.W.3d 646, 651–52 (Tex. Crim. App. 2006). When the record is silent, we presume that the trial court complied

with the requirements of article 36.27. *Id*. at 651.

The record before us does not show that the trial court failed to notify appellant of the jury questions or that appellant objected to the trial court's response to the jury. We conclude appellant procedurally defaulted any claimed violation of article 36.27 and any objection to the trial court's response to the jury questions. *Word*, 206 S.W.3d at 652. We overrule appellant's third issue.

### D. Bill of Costs

In his fourth issue, appellant, relying on *Salinas v. State*, 523 S.W.3d 103, 110 (Tex. Crim. App. 2017), contends a portion of the consolidated fees assessed against him is unconstitutional and should be deleted from the judgment.

*Salinas* was decided in March 2017 and held that the former version section 133.102(e) of the local government code was facially unconstitutional to the extent the funds collected were dispersed to the accounts for "abused children's counseling" and "comprehensive rehabilitation." *Id.*; *see* Act of May 29, 2011, 82d Leg., R.S., ch. 1249, § 13(b), sec. 133.102(e)(1), (6), 2011 Tex. Gen. Laws 3349, 3353, *amended by* Act of May 18, 2017, 85th Leg., R.S., ch. 966, § 1, 2017 Tex. Gen. Laws 3911, 3911 (effective June 15, 2017) (current version at TEX. LOC. GOV'T CODE § 133.102(e)). After *Salinas* was decided, the Legislature amended section 133.102(e) to remove the "abused children's counseling" and "comprehensive rehabilitation" accounts and reallocate the percentages for those accounts to the "fair defense account." *See* Act of May 18, 2017, 85th Leg., R.S., ch. 966, § 1, 2017 Tex. Gen. Laws 3911, 3911 (codified at TEX. LOC. GOV'T CODE § 133.102(e)). The amendment was effective June 15, 2017.

Appellant's court costs were assessed on April 23, 2018, after the effective date of the amendment to section 133.102(e). Accordingly, the costs which *Salinas* held were unconstitutional were not assessed against appellant. We overrule appellant's fourth issue.

### E. Modification of Judgment

In his fifth issue, appellant argues the judgment should be modified to reflect that the jury assessed punishment rather than the trial court. The State agrees.

We have the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

The judgment here reflects that the court assessed punishment. However, the record shows that the jury, pursuant to appellant's election, assessed punishment. Accordingly, we sustain appellant's fifth issue.

### CONCLUSION

We modify the judgment to reflect that the jury assessed punishment. As modified, the trial court's judgment is affirmed.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180586F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSE ANTONIO CERVANTES, Appellant

No. 05-18-00586-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F17-76189-I.
Opinion delivered by Justice Nowell.
Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section of the judgment titled "Punishment Assessed by:" is modified to state "JURY."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 2nd day of August, 2019.