## L. J. SANDS v. THE STATE.

No. 18484.  Delivered June 17, 1936.
Rehearing Denied October 21, 1936.

The opinion states the case.

*A. E. Shepherd,* of Marshall, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for 40 years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed W. B. Johnson by shooting him with a gun.

Deceased was shot down on the night of December 26, 1935, while he and C. B. Bracey were walking through a pasture. Bracey testified that he was unable to see the assailant. He reported the shooting, and officers came to the scene. Deceased, who was mortally wounded, stated to the officers that appellant shot him. When asked if he killed deceased appellant disclaimed any knowledge of the transaction. There was proof to the effect that on the night of the homicide, appellant was in possession of a gun belonging to John Collins. Ernest Lee Collins, a small negro boy, testified that appellant brought the gun into Collins' house and put it behind a trunk. It had been recently fired. Appellant did not testify.

Appellant's bills of exception 2, 3 and 6 relate to the action of the trial court in permitting the State to prove that deceased stated to the officers and to his wife that appellant shot him. The bills of exception fail to show when the homicide occurred and fail to show how long after the homicide the statements

were made. In short, there is nothing in said bills to show that the testimony was not admissible as res gestae. We quote from 4 Tex. Jur., 328, as follows:

"On the other hand, a bill complaining of the admission of evidence which might have been admissible as res gestae, or complaining that evidence received was not admissible under the rule of res gestae, must show as a fact that it was not within the rule, and set out such facts as may be necessary for that purpose. The bill must certify as a fact that the evidence complained of was not res gestae, and it is not enough to state merely as a ground of objection that it was not, or to show that such an objection was urged.

"If it is claimed that evidence admitted as res gestae is too remote, that fact must be shown by the bill."

In support of the text many authorities are cited, among them being Elliott v. State, 15 S. W. (2d) 648; Holland v. State, 15 S. W. (2d) 637; Davis v. State, 296 S. W., 596, and Edelen v. State, 281 S. W., 1078.

Bill of exception No. 4 recites that appellant objected to testimony of the wife of deceased to the effect that she and her husband had talked about some cattle that had been stolen from Mr. Judge Anderson and that she had told Mr. Anderson something concerning his cattle. Appellant objected to said testimony on the ground that it was irrelevant and immaterial and that there was no proper predicate for its introduction. The grounds of objection are not supported. A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Annotated Penal Code, Section 209; Buchanan v. State, 298 S. W., 569. The bill being insufficient to enable us to determine whether the testimony was admissible, we must indulge the presumption that the ruling of the trial court was correct. Buchanan v. State, supra.

Bill of exception No. 6 is concerned with appellant's objection to the testimony of Ernest Lee Collins, a child. The trial judge conducted an inquiry from which he determined that the witness was possessed of sufficient intelligence to give testimony. His testimony was to the effect that it was wrong to lie, and that he would be punished if he did not tell the truth. Again, his testimony appears to have been intelligently given. Primarily the question of competency is one to be determined by the trial court. Hennington v. State, 274 S. W., 599. Under

the circumstances, we fail to perceive any abuse of the discretion vested in the trial court.

Appellant filed a motion to postpone the trial, in which he asserted that his counsel was inexperienced and had been unable to "obtain the pertinent facts necessary from more than twenty witnesses in the case;" and, further, that counsel had not had sufficient time "to investigate the veniremen." The time allowed by the statute to prepare for trial had expired. The motion names no witnesses and fails to indicate any matter of defense. There is no suggestion in the record that the failure to grant the postponement resulted in any injury. On the hearing of the motion for new trial the averments in the motion were not strengthened by the testimony of the appellant or any other witness. In short, there is nothing to show that if a delay had been accorded it would have availed appellant anything. We are of opinion that no abuse of discretion is shown. See McKenzie v. State, 11 S. W. (2d) 172.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant complains of the disposition made of bills of exception numbers two, three and six. We have again examined them. The rule from 4 Tex. Jur., Sec. 224, page 328, copied in our original opinion is supported by many cases annotated in note four under the text, only three of which cases were cited by us originally. The rule is only an application of the principle that a ground of objection in a bill will not be taken as a certificate of fact.

The motion for rehearing is overruled.

*Overruled.*