**Jimmy Tom LEACH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52847.**

Court of Criminal Appeals of Texas.

Jan. 19, 1977.

Rehearing Denied Feb. 9, 1977.

Charles E. Perry, on appeal only, Wichita Falls, for appellant.

Timothy D. Eyssen, Dist. Atty., and Roger E. Towery, Asst. Dist. Atty., Wichita Falls, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

CORNELIUS, Commissioner.

The conviction was for delivery of LSD, a controlled substance. Punishment was set at eight years' confinement. The sufficiency of the evidence is not challenged.

Two grounds of error are assigned. The first asserts that the court erred in refusing appellant's motion for continuance which sought a postponement of the trial so that appellant's chemist could make a chemical analysis of the alleged contraband.

Appellant was indicted on May 7, 1975. His first motion for a continuance on June 23, 1975, was granted due to the illness of his counsel. On September 16, 1975, in response to a motion for discovery, the court ordered the State to deliver the contraband to appellant for inspection and analysis. The material was made available to appellant's counsel on September 18, 1975. On September 29, 1975, the day the trial was to begin, appellant made his second motion for continuance alleging that his chemist, Dr. Jessie Rogers, had not been able to complete an analysis of the substance and needed approximately seven more days to do so. The motion was denied and the case proceeded to trial. The State's chemist testified that the substance delivered by appellant was LSD. Appellant contends he should have been granted a continuance so that he could have the benefit of his chemist's analysis to show that the substance was not LSD. He moved for a new trial on the basis of the denial of his motion, but there was no affidavit attached thereto or any evidence offered in support thereof which tended to show what Dr. Rogers' testimony would have been had the continuance been granted. This Court is not authorized to reverse a conviction for failure to grant a continuance unless the record

shows that the evidence sought to be secured by the delay was material to the case and that appellant was prejudiced by the inability to produce it. *Robinson v. State,* 454 S.W.2d 747 (Tex.Cr.App.1970); *Parkhill v. State,* 156 Tex.Cr.R. 580, 244 S.W.2d 827 (1951); *Sands v. State,* 131 Tex.Cr.R. 177, 97 S.W.2d 190 (1936); 13 Tex.Jur.2d, Continuance, Sec. 140, p. 82, et seq. For that reason it is required that when complaint is made of the denial of a motion for a continuance to secure evidence, an affidavit or other evidence be presented on the motion for new trial showing the nature and materiality of the missing evidence. *McCloud v. State,* 494 S.W.2d 888 (Tex.Cr.App.1973); *Palasota v. State,* 460 S.W.2d 137 (Tex.Cr.App.1970). In this case, Dr. Rogers represented that his analysis could be completed within seven days from September 29. The motion for new trial was heard on October 24. Presumably by then, Dr. Rogers had ample time to complete the analysis, and if the results of his analysis were different from those of the State's chemist it was incumbent upon appellant to produce an affidavit or other evidence to that effect so this Court could judge whether the case had been prejudiced by the inability to produce such evidence at the trial. In the absence of such a showing we cannot determine if the denial of the motion for continuance constituted reversible error. See *Sprueill v. State,* 468 S.W.2d 461 (Tex.Cr.App.1971); *Collins v. State,* 170 Tex.Cr.R. 285, 340 S.W.2d 38 (1960).

 The second ground of error contends that the trial court should have granted a mistrial when the prosecutor asked appellant why he did not ask for a lie detector test. The appellant had previously testified that he would be willing to take such a test. During examination by his own counsel appellant testified:

"Q Now, are you telling this jury, as the gospel truth, that you never had that money in your hands at any time out there?

A Yes, sir, I sure am. I will take a lie detector test on it, or whatever. That's all I can do against the State.

MR. TOWERY: Objection, Your Honor. Counsel knows that a polygraph examination is not admissible in front of the jury, either for the State or for the Defendant.

THE COURT: Sustain objection.

The jury is instructed not to consider it."

On cross-examination by the State's counsel, the following occurred:

"Q Since you brought the subject up, why didn't you ask for a polygraph examination?

MR. ANDERSON: Well now, Your Honor—

WITNESS: For one thing—

MR. ANDERSON: Wait just a minute.

Your Honor, we ask the Court to instruct the jury not to consider that. He just objected to the nonresponsive remark of the witness and said it wasn't admissible.

THE COURT: Objection sustained. The jury is instructed not to consider it.

MR. ANDERSON: Now Your Honor, we feel that it is so prejudicial that the instruction is not sufficient, and we ask the Court to declare a mistrial.

THE COURT: Motion for a mistrial overruled.

MR. ANDERSON: Note our exception."

It is, of course, improper to question the accused as to whether he took or refused to take a lie detector test. *Nichols v. State,* 378 S.W.2d 335 (Tex.Cr.App.1964). But it has been held that when the accused voluntarily testifies that he offered to take such a test the State may show that he was offered the test but declined to take it. *Rodriguez v. State,* 170 Tex.Cr.R. 295, 340 S.W.2d 61 (1960). It is also held that evidence that the accused declined to take a polygraph test is waived in the absence of an objection. See *Cook v. State,* 388 S.W.2d 707 (Tex.Cr.App.1965). Appellant recognizes the ruling of *Rodriguez,* but seeks to

distinguish his case from it because in *Rodriguez* the accused's *counsel* elicited the evidence, whereas in this case the appellant volunteered it himself, presumably without knowledge of its harmful effect, and further because here the State's counsel continued to pursue the matter after the trial court had ruled the evidence inadmissible. We understand the distinction but are nevertheless convinced that the occurrence, under the circumstances here, does not call for a reversal. The appellant volunteered that he would be willing to take a lie detector test. His motive obviously was to indicate that he had not been given an opportunity to take such a test, inferring that had he been given the opportunity to do so his innocence would have thus been established. Although the prosecutor should not have pursued the matter after the court ruled it inadmissible, we cannot perceive that appellant was prejudiced in view of the wording of the question and the court's action in preventing an answer and instructing the jury not to consider the question. Under the circumstances, the prejudice, if any, would appear to be against the State, as the impression was probably left on the jury that appellant wanted a polygraph test and would have taken it had he been given the opportunity. We find no reversible error. The judgment of the trial court is affirmed.

Opinion Approved by the Court.