Payton v. State (95140-41 & 236) 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-140-CR
No. 10-95-141-CR
&
No. 10-95-236-CR

Â Â Â Â Â CHRISTOPHER LEE PAYTON,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 195th District Court
Dallas County, Texas
Trial Court Nos. F94-43815-N, F94-43874-N & F94-59656-TN
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â In Cause No. 10-95-140-CR Appellant Payton appeals from his conviction for aggravated
sexual assault, for which he was sentenced to life in the Texas Department of Criminal Justice,
Institutional Division.
Â Â Â Â Â Â In Cause No.10-95-141-CR Appellant Payton appeals from his conviction for robbery, for
which he was sentenced to 20 years in the Texas Department of Criminal Justice, Institutional
Division, and a $10,000 fine.
Â Â Â Â Â Â In Cause No. 10-95-236-CR Appellant Payton appeals from his conviction for burglary of a
habitation, for which he was sentenced to 20 years in the Texas Department of Criminal Justice,
Institutional Division, and a $10,000 fine. 
Â Â Â Â Â Â These cases were tried together


; there is one statement of facts.
Â Â Â Â Â Â The offense of aggravated sexual assault was alleged to have occurred on September 4, 1994;
the offense of robbery was alleged to have occurred on September 22, 1994; and the offense of
burglary of a habitation was alleged to have occurred on September 26, 1994.
Â Â Â Â Â Â On March 2, 1995, Appellant proceeded to trial before the court on pleas of not guilty to the
allegations in the three indictments. After presentation of evidence, the court found Appellant
guilty in all three cases. At the conclusion of the punishment evidence, the court assessed a life
sentence in the aggravated sexual assault case; a sentence of 20 years, plus a fine, in the robbery
case; and a sentence of 20 years, plus a fine, in the burglary case.
Â Â Â Â Â Â Appellant, in point of error one in his appeal of the aggravated sexual assault case, asserts
"the evidence insufficient to establish the offense of aggravated sexual assault." More specifically,
Appellant contends the evidence is insufficient to prove he was the assailant.
Â Â Â Â Â Â In reviewing the sufficiency of the evidence, this court must determine whether, considering
the evidence in the light most favorable to the verdict, any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319 (1979); Jones v. State, 833 S.W.2d 118, 122 (Tex. Crim. App. 1992, cert. denied, 113 S.Ct.
1285 (1993). This standard applies to both direct and circumstantial evidence cases. Ransom v.
State, 789 S.W.2d 572, (Tex. Crim. App. 1989), cert. denied, 497 U.S. 1010 (1990).
Â Â Â Â Â Â Complainant Nellie Sanchez testified that Appellant threw her to the ground, punched her in
the face, and sexually assaulted her. Complainant identified Appellant in court as the man who
beat and sexually assaulted her. This is sufficient to prove it was Appellant who committed the
assault. Ford v. State, 509 S.W.2d 317, 318 (Tex. Crim. App. 1974). Moreover, Appellant was
connected to the offense by the testimony of Officers Littlefield and Bratt that Appellant was found
and arrested several yards from the scene with blood, dirt, and grass stains on his clothing.
Â Â Â Â Â Â The trial court chose to accept the testimony of the complainant as true, resolving all conflicts
in the evidence against appellant. Viewing the evidence in the light most favorable to the verdict,
a rational trier of fact could have found beyond a reasonable doubt that Appellant was the person
who committed the offense.
Â Â Â Â Â Â Appellant's point one in the aggravated sexual assault case is overruled.
Â Â Â Â Â Â Appellant's point of error one in the robbery case is: "The evidence is insufficient to establish
the offense of robbery." Specifically, Appellant contends the evidence is insufficient to prove he
was the alleged robber.
Â Â Â Â Â Â The test for reviewing the sufficiency of the evidence is set out under our discussion of
Appellant's point one in the aggravated sexual assault case, supra.
Â Â Â Â Â Â Complainant David Powell identified Appellant in court as the man who broke into his
apartment, came into his bedroom, fought, choked, stabbed, threatened, and stole from him. 
Additionally, Officer Wren conducted an out-of-court photo lineup from which complainant
identified Appellant as the robber. Further, Appellant's fingerprints were found on the metal
frame of the screen from the window of complainant's apartment and on a bottle of cologne in
complainant's bedroom.
Â Â Â Â Â Â The trial court, as the factfinder, was the sole judge of the credibility of the witnesses and the
weight to be given their testimony. The court chose to accept the testimony of the complainant
and the officer as true, thus resolving any conflict in the testimony against Appellant.
Â Â Â Â Â Â Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could
have found beyond a reasonable doubt that Appellant was the person who committed the robbery.
Â Â Â Â Â Â Appellant's point of error one in the robbery case is overruled.
Â Â Â Â Â Â Appellant's point of error one in the burglary of a habitation case is: "The evidence is
insufficient to establish the offense of burglary." Specifically, Appellant contends the evidence
is insufficient to prove that he entered complainant's apartment with the specific intent to commit
theft."
Â Â Â Â Â Â We refer to our discussion of the test for reviewing a sufficiency of the evidence challenge,
supra.
Â Â Â Â Â Â Complainant Leonardo Gomez testified he left his apartment at 6:00 a.m. on September 26,
1994, to go to work. Complainant's neighbors, Sherman and Jenkins, testified that at 7:15 a.m.
on the same day, they heard glass break in complainant's apartment, looked up, and saw Appellant
lying on the sun deck of the apartment. Jenkins called to Appellant, asking him what he was doing
there, and Appellant replied he was waiting for his uncle to come home. Jenkins testified he knew
the statement was untrue and that he called 911. Sherman saw appellant climb around the ledge
of the sun deck and window of complainant's apartment and later saw Appellant walk in and out
of the door to the complainant's sun deck.
Â Â Â Â Â Â Officers Curtis and Kidd responded to the burglary called in on 911. They went to the
apartment and knocked on the door. Appellant answered the door wearing a towel wrapped
around his waist. When the officers asked him what he was doing in the apartment, Appellant told
them he had lived in the apartment with his uncle, but did not have a key so he had broken a
window to get in. Complainant did not know Appellant; when contacted at work, complainant
came home and found a broken window and found that his jambox had been moved over next to
the broken window.
Â Â Â Â Â Â A defendant's intent to commit theft, when entering a habitation, can be inferred from both
his conduct and the surrounding circumstances. Ortega v. State, 626 S.W.2d 746, 749 (Tex.
Crim. App. 1981).
Â Â Â Â Â Â In this case, the trial judge, as the factfinder, chose to accept the testimony of the
complainant, his neighbors, and the police officers as true, resolving all conflicts in testimony
against Appellant. That decision may not be disturbed on appeal. Moreno v. State, 755 S.W.2d
866, 867 (Tex. Crim. App. 1988). 
Â Â Â Â Â Â Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could
have found beyond a reasonable doubt that Appellant intended to commit theft when he broke into
complainant's apartment.
Â Â Â Â Â Â Appellant's point of error one in the burglary case is overruled.
Â Â Â Â Â Â Appellant's point of error two, in all three of his appeals, asserts: "The trial court erred by
denying Appellant's motion for a continuance." Specifically, Appellant contends the trial court
abused its discretion in denying his motion for continuance.
Â Â Â Â Â Â On the first day of trial, Appellant testified that his aunt, Teresa Sandoval, and his brother
could corroborate his testimony that he was out of town when the burglary and robbery took place. 
He knew his brother's address and phone number, and the phone number of his aunt. At the end
of the first day of trial, the court authorized $500 for a private investigator to locate Appellant's
aunt and brother. The next morning the investigator reported that he was unable to locate the aunt
and brother. Following this testimony, the State presented evidence in the sexual assault case. 
At that time Appellant made an oral motion for a continuance "to see if we could find the
defendant's aunt and brother and to do further scientific testing to determine whether the defendant
would be a positive match for the rape kit." The motion was denied.
Â Â Â Â Â Â Articles 23.03, 29.06 and 29.08, Texas Code of Criminal Procedure, require that a motion
for continuance be in writing, sworn to, and if to locate a missing witness, give the residence of
the witness and the diligence which has been used to procure his attendance. 
Â Â Â Â Â Â To preserve a review of the denial of a continuance, a defendant must execute a motion in
compliance with the above requirements, which Appellant did not do. Montoya v. State, 810
S.W.2d 160, 176 (Tex. Crim. App. 1980), cert. denied, 502 U.S. 961.
Â Â Â Â Â Â Further, to preserve error from the denial of a motion for continuance, based on absent
evidence or witnesses, required the filing of a sworn motion for a new trial accompanied by
affidavits or other evidence showing the materiality of the missing evidence or witness. Leach v.
State, 548 S.W.2d 383, 384, 385 (Tex. Crim. App. 1977). Appellant executed no such motion.
Â Â Â Â Â Â The determination to grant or deny a motion for continuance lies within the sound discretion
of the trial court and may not be disturbed on appeal absent a showing of abuse of discretion. 
Taylor v. State, 612 S.W.2d 566, 570 (Tex. Crim. App. 1981).
Â Â Â Â Â Â As stated, Appellant made only an oral unsworn motion for continuance and did not file a
motion for a new trial. The trial court's denial of Appellant's motion was not an abuse of
discretion.
Â Â Â Â Â Â Appellant's point of error two is overruled in all three cases.
Â Â Â Â Â Â The judgments, in all three cases, are affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â FRANK G. McDONALD
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice (Retired)

Before Justice Cummings,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 6, 1996
Do not publish 



n>Id.  We have, nevertheless, designated it as an Opinion
because the sentence of the rule regarding the opposition by the author of a
concurrence or dissent is more specific, and subject to less interpretation,
than the later portion of the same rule above quoted.

Â Â Â Â Â Â Â  This Opinion does, however, remain
designated Âdo not publishÂ pursuant to Rule of Appellate Procedure 47.2.Â  See Tex. R. App. P. 47.2(b).Â  A question remains whether it was the purpose
of the rule to allow the author of a concurrence or dissent to publish the
concurrence or dissent over the contrary vote of the other members of the
panel, and, further, to attach as an appendix to that concurrence or dissent
the opinion designated Âdo not publish.ÂÂ 
We choose, in this instance, to leave that decision to the
jurisprudential judgment of the dissentÂs author, but ultimately it will be
left to the rule makers to clarify.