TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00692-CR







Ronald Hobbs, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0952805, HONORABLE JON N. WISSER, JUDGE PRESIDING







 Appellant Ronald Hobbs appeals from his conviction for the offense of sexual assault. See
Tex. Penal Code Ann. § 22.011 (West 1994 & Supp. 1998). The jury assessed appellant's punishment
at imprisonment for twenty years and a fine of $10,000. Appellant presents two points of error; he asserts
that the trial court erred in admitting a rape kit in evidence and that he did not receive effective assistance
of counsel. We will overrule appellant's points of error and affirm the trial court's judgment.

 Appellant and the victim lived in the same apartment complex in 1990 and 1991. During
that time, they had an ongoing sexual relationship. In 1991, the victim moved from the apartment complex
to a duplex. She "did not wish to have contact with anyone from [the apartment complex] anymore. . . . 
When [she] moved to the duplex [she thought she was] moving to a safe place." She retained her same
telephone number and appellant called her but she told him she did not want to continue a sexual
relationship with him.

 On November 17, 1994, the victim received a telephone call from appellant; he wanted
to renew their friendship. The victim, who was depressed, reluctantly agreed that appellant could come
to see her if "there will only be talk." Appellant came to the victim's duplex, and despite her objections,
he immediately attempted to force the victim to engage in several sexual activities. Appellant continued his
unwanted assault on the victim for thirty minutes to an hour;"it felt like eternity" to the victim. When
appellant forced the victim onto her bed, the telephone receiver was knocked out of place and the victim,
unbeknownst to appellant, pressed the 911 call button.

 Lenora Pryor, a City of Austin 911 call taker, received the call from the victim's duplex
at about 9:50 p.m. Pryor, when taking the "open line call," thought "it sounded like some type of struggle." 
The tape recording of the 911 call was played for the jury. The appellate record does not reveal the words
or sounds of the call.

 When appellant saw police officers outside the duplex, he escaped through the back door
leaving his vehicle in front of the duplex. Appellant eluded the police at that time but was later arrested.

 In his first point of error, appellant urges the trial court abused its discretion by admitting
in evidence "the 'rape kit' over objections to relevance and unfair prejudice." Toni Lalonde, a registered
nurse employed in the St. David's Hospital emergency room, conducted a sexual assault examination of
the victim. Lalonde testified that the purpose of the examination was to collect evidence for prosecution
and "to make sure that the patient was physically okay." She testified that a sexual assault examination
includes taking a brief history from the victim of "what happened to her." Lalonde made a "head to toe"
physical assessment of the victim. She collected blood specimens and hair combings from the victim's head
and pubic area. She examined the victim's genitalia and collected specimens from the inside of the victim's
mouth, vagina, and rectum. Lalonde described for the jury the victim's dress, demeanor, physical
condition, and general appearance at the time of the examination. State's Exhibit No. 6 was identified by
Lalonde as a sexual assault evidence kit referred to as a "rape kit." Without objection, Lalonde testified:


Q. Could you identify for the jury each of the items that are in the rape kit.


A. This is an envelope with combings from the hair on her head. Also, the comb is in
there. This is hair from her head that we pulled out. These are Q-tips, which are
swabs that I collected from around on her breasts. These are -- this is -- I'm not sure
how many slides are in here. There's one slide in here with vaginal secretion. This is
a swab, a Q-tip swab, from her vagina. This is a comb and combings from her pubic
hair. These are pubic hair that we pulled out. This is a swab, a Q-tip from a saliva
specimen. And these are three blood tubes from her blood. This is an oral swab from
her mouth, from the saliva. And I did not do fingernail clippings.


Q. Okay. In your opinion, Ms. Lalonde, are all of these items in the same condition that
you saw them on the night that you took all the specimens?


A. They appear to be, yes.



Other than Lalonde's testimony, there is nothing in the record to show the contents of the rape kit.

 At the conclusion of Lalonde's testimony, the State offered the rape kit in evidence. 
Appellant's trial counsel objected on grounds that "any slight relevance [the rape kit] might have is so far
overborne by its potential to confuse the issues before the jury and inflame its passions and prejudice that
substantially outweighs what ever slight probative effect it might have." The objection was overruled. On
appeal, appellant argues in conclusion that "considering that any probative value of the rape kit was merely
cumulative to undisputed testimony, any prejudicial nature of the kit outweighed its probative nature, and
therefore was improperly admitted."

 A defendant may not complain on appeal about the admission of evidence when the record
shows that the same evidence was admitted without objection. See Rogers v. State, 853 S.W.2d 29, 35
(Tex. Crim. App. 1993); Johnson v. State, 803 S.W.2d 272, 290-91 (Tex. Crim. App. 1990); Mutcher
v. State, 514 S.W.2d 905, 919 (Tex. Crim. App. 1974); Roy v. State, 891 S.W.2d 315, 325 (Tex.
App.--Fort Worth 1994, no pet.); Macias v. State, 776 S.W.2d 255, 259 (Tex. App.--San Antonio
1989, pet. ref'd). Without objection, Lalonde identified and testified about "each of the items in the rape
kit." The admission of the rape kit in evidence gave the jury no more evidence than that of Lalonde's
testimony. Therefore, there is no merit to appellant's complaint and we need not make a relevance analysis
to determine whether the trial court erred in admitting the rape kit in evidence. Appellant's first point of
error is overruled.

 In his second point of error, appellant asserts that he was denied effective assistance of
counsel because his trial counsel did not move for a continuance to obtain witnesses to rebut the surprise
testimony of the State's expert witness. The error claimed in this point occurred during the punishment
phase of appellant's trial. Appellant argues that counsel's representation did not meet the Strickland
standard for effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984). 
However, the Strickland standard is not the correct standard for the determination of the effectiveness of
counsel at the punishment phase of a non-capital trial. The proper standard is that expressed in Ex parte
Duffy, 607 S.W.2d 507, 516 (Tex. Crim. App. 1980). See Valencia v. State, 946 S.W.2d 81, 84 (Tex.
Crim. App. 1997). Counsel "reasonably likely to render and rendering reasonably effective assistance"
is the Duffy standard. See Ex parte Cruz, 739 S.W.2d 53, 58 (Tex. Crim. App. 1987). However, there
are at least two petitions for discretionary review now pending in the Court of Criminal Appeals that were
granted to decide whether the court should abandon the Duffy standard at the punishment phase of non-capital trials. See Hernandez v. State, 943 S.W.2d 930 (Tex. App.--El Paso 1997, pet. granted Sept.
17, 1997); Oliva v. State, 942 S.W.2d 727 (Tex. App.--Houston [14th Dist.] 1997, pet. granted August
27, 1997). Therefore, in this case, we will apply both the Duffy and Strickland standards.

 To show ineffective assistance of counsel, appellant must show that: (1) trial counsel's
performance was deficient, in that counsel made such serious errors that he was not functioning effectively
as counsel; and (2) the deficient performance prejudiced the defense to such a degree that appellant was
deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726
S.W.2d 53, 57 (Tex. Crim. App. 1986); Shaw v. State, 874 S.W.2d 115, 118 (Tex. App.--Austin 1994,
pet. ref'd); O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). Counsel's
performance is to be judged by the "totality of representation" provided.

 At the punishment phase of trial, the State offered the testimony of Vivian Lewis Heiney. 
Before she testified in the presence of the jury, the trial court conducted a hearing out of the presence of
the jury to determine whether her testimony would be admissible. Heiney testified that she was "a
registered sex offender treatment provider, and under that registry, I am given the authority to treat the
specialization of sex offenders." The State's expressed purpose in offering Heiney's testimony was to
prove the appellant's "continuing dangerousness to society and the impossibility of [his] rehabilitation." 
Appellant claimed surprise and objected to Heiney's proposed testimony unless he could have a
continuance "to obtain witnesses to testify on behalf of the defense to [rehabilitation] programs that are
available to the defendant . . . witnesses who will testify in detail about the possibility of rehabilitative efforts
in the Institutional Division of the Texas Department of Criminal Justice and the suitability of this defendant
for these programs."

 The State then proposed offering Heiney's testimony only to show appellant's
dangerousness to society. The trial court ruled that the evidence the State proposed offering was
admissible "under 37.07, section 3(a)." See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp.
1998). The trial court ruled that the testimony the State said it would offer was "not unfairly prejudicial and
the court doesn't find that it substantially outweighs" its probative value under Rule 403. See Tex. R. Evid.
403. The trial court then advised defense counsel that "based on what the State proffers . . . the defense
may or may not be entitled to a recess in time to prepare more witnesses."

 Heiney then testified in the presence of the jury that Travis County did not conduct a sexual
offender treatment program of its own but instead referred such offenders to several privately operated
programs such as the one she directed and supervised. Appellant had been referred to Heiney's program
for specialized sex offender treatment in April 1991 after he had been convicted of a sex crime and granted
probation. Appellant's program attendance was not satisfactory and the "first group of his peers voted him
out of the group and he was terminated from that group for failure to participate." Then, appellant was
placed with a second group and different therapists. The second group also voted appellant out for failure
to participate. A third attempt by Heiney's program ended in failure and appellant's treatment at Heiney's
center was eventually terminated. Heiney testified that in her opinion appellant showed no empathy and
no remorse for his victims. She testified that she had "a concern that [appellant] is a high risk to hurt
another person in a sexual manner." On cross-examination, Heiney conceded that appellant's inability to
maintain employment and his father's death were contributing factors to his unsuccessful completion of
treatment. To treat appellant successfully, Heiney testified that he "needs a multiple modality of treatment
that will address his particular needs, and his particular needs are not simplistic in terms of one specific area. 
They're diversified and they're multifaceted and each of these should be addressed if possible."

 After the State rested, the defense presented two character witnesses, rested, and closed
without renewing the request for a continuance.

 Under either the Duffy or Strickland standard, for appellant to prevail on his claim, the
record must show that trial counsel's failure to renew his trial motion for a continuance in some way harmed
appellant's defense. The usual way for a defendant to show he was harmed in not getting a continuance
is by filing a timely motion for new trial supported by an affidavit showing the evidence he would have
offered. See Minx v. State, 615 S.W.2d 748, 750 (Tex. Crim. App. 1981). A defendant cannot gain
a reversal of a conviction for not receiving a continuance unless the record shows that the evidence sought
to be obtained by delay was material to his case and that he was prejudiced by his inability to produce that
evidence. See Leach v. State, 548 S.W.2d 383, 384-85 (Tex. Crim. App. 1977). For that reason, it is
required that when complaint is made of the denial of a motion for a continuance to secure evidence, an
affidavit or other evidence is presented on a motion for new trial showing the nature and materiality of the
missing evidence. See id.; McCloud v. State, 494 S.W.2d 888, 890 (Tex. Crim. App. 1973).

 The record shows that appellant's trial counsel was allowed to withdraw from his
representation of appellant well before the time for filing a motion for new trial elapsed. Appellant's newly
appointed appellate counsel timely filed a motion for new trial but in that motion did not urge as a ground
trial counsel's failure to request a continuance. Even if a continuance had been obtained, the record does
not show how it could have benefitted appellant's defense. We hold the record shows appellant received
reasonably effective assistance of counsel satisfying the Duffy standard. Also, the record fails to show that
trial counsel's performance was deficient or that trial counsel made serious errors that deprived appellant
of a fair trial; the Strickland standard was satisfied. Appellant's second point of error is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Jones, Kidd and Carl E. F. Dally*

Affirmed

Filed: June 25, 1998

Do Not Publish


* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



fender treatment program of its own but instead referred such offenders to several privately operated
programs such as the one she directed and supervised. Appellant had been referred to Heiney's program
for specialized sex offender treatment in April 1991 after he had been convicted of a sex crime and granted
probation. Appellant's program attendance was not satisfactory and the "first group of his peers voted him
out of the group and he was terminated from that group for failure to participate." Then, appellant was
placed with a second group and different therapists. The second group also voted appellant out for failure
to participate. A third attempt by Heiney's program ended in failure and appellant's treatment at Heiney's
center was eventually terminated. Heiney testified that in her opinion appellant showed no empathy and
no remorse for his victims. She testified that she had "a concern that [appellant] is a high risk to hurt
another person in a sexual manner." On cross-examination, Heiney conceded that appellant's inability to
maintain employment and his father's death were contributing factors to his unsuccessful completion of
treatment. To treat appellant successfully, Heiney testified that he "needs a multiple modality of treatment
that will address his particular needs, and his particular needs are not simplistic in terms of one specific area. 
They're diversified and they're multifaceted and each of these should be addressed if possible."

 After the State rested, the defense presented two character witnesses, rested, and closed
without renewing the request for a continuance.

 Under either the Duffy or Strickland standard, for appellant to prevail on his claim, the
record must show that trial counsel's failure to renew his trial motion for a continuance in some way harmed
appellant's defense. The usual way for a defendant to show