MEMORANDUM OPINION

No. 04-04-00572-CR

Domingo Hernandez MENDOZA,
Appellant

v.

The STATE of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CR-2142
Honorable Phil Chavarria, Judge Presiding
 
Opinion by:    Alma L. López, Chief Justice
 
Sitting:            Alma L. López, Chief Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:   March 23, 2005

AFFIRMED
            Domingo Hernandez Mendoza appeals his convictions for aggravated sexual assault and
indecency with a child. On appeal, Mendoza argues that (1) the trial court erred in allowing the jury
to consider convicting and/or sentencing for both aggravated sexual assault and indecency with a
child in violation of the Fifth Amendment’s prohibition against double jeopardy; (2) the evidence
presented at trial was both legally and factually insufficient to support the conviction; (3) the trial
court erred in admitting polygraph evidence during the punishment phase; and (4) Mendoza received
ineffective assistance of counsel at trial. We affirm the judgment of the trial court.
Background
            The complainant in this case, L.M., was born in March 1992. L.M. is the daughter of Monica
Martinez and Scott Dancy. L.M.’s maternal grandmother, Janice Troutman, is the girlfriend of
Mendoza. Mendoza lived primarily in Austin, but resided with Troutman regularly. Martinez lived
with L.M. in Troutman’s home for nearly two years. Martinez and L.M. were very close to
Mendoza; L.M. called Mendoza “Papa” and Mendoza walked Martinez partially down the aisle at
her wedding. After Martinez and L.M. moved into their own home, they continued to see Troutman
daily and Mendoza less frequently. Martinez later married Lonnie Martinez, who adopted L.M.
            When L.M. was four years old, in 1996, she returned from a visit with her father’s family. 
Dancy’s sister informed Martinez that L.M. had made an outcry against Lonnie, L.M.’s step-father. 
Martinez immediately contacted the authorities. Lonnie moved out of the Martinez home while
Child Protective Services (CPS) investigated the allegation. Ultimately CPS determined that Lonnie
had not abused L.M. and the case was closed.
            Several weeks after this incident, L.M. made allegations against Mendoza. L.M. told
Martinez that “Papa pulls my pants down, and wipes me, and licks my bottom.” Martinez asked
L.M. to repeat the allegation to Troutman, who told L.M. that she should not say things like that and
that it would hurt Mendoza’s feelings. Martinez allowed the matter to drop. The Martinez family
continued to spend time with Mendoza and Mendoza babysat L.M. some Saturdays.
            In 2002, Martinez planned to leave L.M., who was 10 years old at this time, with Mendoza
while Martinez and Troutman attended a bridal shower. When L.M. discovered that Mendoza would
be babysitting, L.M. told Martinez that Mendoza made her feel uncomfortable. L.M. told Martinez
that she caught Mendoza watching her after she took a shower and went to her room. L.M. then
repeated the allegations she had made against Mendoza when she was four, telling Martinez that
when she was little, Mendoza would pull her pants down, wipe her, and lick her bottom. Martinez
testified at trial that “bottom” was the term the family used to refer to the complainant’s vagina.
            Martinez immediately contacted her ex-husband, L.M.’s father, and the police. Detective
Brian Padier conducted the investigation into the allegations. Padier testified that after reviewing
the complaint, he interviewed both L.M. and Martinez and took a statement from Mendoza. Based
on his investigation, Padier filed the case with the district attorney’s office. In a jury trial, Mendoza
was found guilty of aggravated sexual assault and indecency with a child. The jury assessed
punishment at five years imprisonment for the aggravated sexual assault charge and at two years
imprisonment for the indecency with a child charge.
Double Jeopardy
            In his first issue, Mendoza complains that the jury convicted him of aggravated sexual assault
and indecency with a child in violation of the United States Constitution’s prohibition against double
jeopardy. The double jeopardy clause of the Fifth Amendment is designed to protect against a
second prosecution for the same offense following acquittal or conviction and multiple punishments
for the same offense. Illinois v. Vitale, 447 U.S. 410, 415 (1980); see also Cervantes v. State, 815
S.W.2d 569, 572 (Tex. Crim. App. 1991). Those who commit separate assaults against the same
person may be prosecuted and punished for each instance of criminal conduct. Vernon v. State, 841
S.W.2d 407, 410 (Tex. Crim. App. 1992). Mendoza argues, however, that the evidence at trial
substantiates only a single act of touching, which does not support conviction and punishment for
both aggravated sexual assault and indecency with a child.
            The test for determining whether two offenses are not the same is whether either offense
requires proof of a fact which the other does not. Blockburger v. United States, 284 U.S. 299, 304
(1932). Sexual offenses, even though they fall under the same statute, are not viewed as the same
offense under Blockburger if they do not involve the same conduct. See Vick v. State, 991 S.W.2d
830, 833 (Tex. Crim. App. 1999). Prosecution and punishment is barred by jeopardy only when
multiple offenses arise from the “same act or transaction” in certain situations. Id. In Vick, the Court
of Criminal Appeals determined that the legislature intended, in sexual offense cases, to punish
separate acts although the acts might be in close temporal proximity. Id. If the acts are separate,
Blockburger is not implicated because the acts are not the same act or transaction. Id.
            Mendoza relies on Ochoa v. State for the proposition that the evidence of a single act of
sexual touching does not support instructions permitting the jury to convict and sentence for both
aggravated sexual assault and indecency with a child. 982 S.W.2d 904 (Tex. Crim. App. 1998). In
Ochoa, the testimony at trial was that Ochoa touched the victim only once on a particular day. Id.
at 906. The Court of Criminal Appeals found that the evidence indicated that Ochoa committed only
one offense on that date and that the trial court should not have submitted the case to the jury in such
a manner that would allow the jury to convict Ochoa twice for the same offense. Id. at 908.
            Ochoa is distinguishable from our case. The jury convicted Ochoa for aggravated sexual
assault and indecency with a child, both alleged to have occurred on June 16, 1994. Id. at 905. In
Ochoa, one witness testified that the victim called her on June 16, 1994, and told her that Ochoa “put
his thing in [her] butt.” Id. at 905-06. No other evidence was presented showing that Ochoa touched
the victim more than one time on June 16, 1994. Id. In the present case, the outcry witness testified
that L.M. stated that, “[w]hen I was little, he (Mendoza) used to pull my pants down, and wipe me,
and lick me.” L.M. also testified that Mendoza touched her “[w]here I go pee.” L.M. pointed out
Mendoza as the person in the courtroom who had licked her and testified that it happened nearly
every time L.M. was alone with Mendoza.
            The evidence presented at trial shows that Mendoza committed two separate violations:
touching and licking L.M.’s genital area. Although possibly close in temporal proximity, the
violations did not arise from the same conduct. Therefore, the convictions and punishments for the
separate instances of conduct do not constitute multiple convictions or punishments for the same
offense. Mendoza’s first issue is overruled.
Sufficiency of the Evidence
            In his second issue, Mendoza argues that the evidence adduced at trial is both legally and
factually insufficient to support his convictions. Mendoza contends that: the testimony of the victim
was “too weak to support a finding of guilt”; “[i]t is reasonable to believe someone else may have
done those things to [the victim]”; he was not left alone with the victim during the time in question;
and that no physical evidence was presented to corroborate the testimony of the victim.
            In reviewing a legal sufficiency challenge, we view the evidence in the light most favorable
to the verdict, and determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979);
Wilson v. State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999). In conducting a factual sufficiency
review, we view all the evidence in a neutral light and will set aside the verdict only if the evidence
is so weak that the verdict is clearly wrong and manifestly unjust, or the contrary evidence is so
strong that the standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477, 481
(Tex. Crim. App. 2004)).
            When conducting either sufficiency review, we recognize that the jury may draw reasonable
inferences from the evidence before it. Jones v. State, 944 S.W.2d 642, 647-48 (Tex. Crim. App.
1996). The jury evaluates the credibility and demeanor of witnesses and determines the weight
afforded contradicting testimony. Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997).
The jury may also choose to accept or reject any or all testimony of any witness. Williams v. State,
692 S.W.2d 671, 676 (Tex. Crim. App. 1984). We do not substitute our own judgment for that of
the jury. Jones, 944 S.W.2d at 648. Rather, we defer to the jury’s findings, particularly those based
on credibility determinations. Cain, 958 S.W.2d at 407-09.
             A person commits the offense of aggravated sexual assault by intentionally or knowingly
causing the sexual organ of a child younger than fourteen to come in contact with the mouth of the
actor. Tex. Pen. Code Ann. § 22.021 (Vernon 1994). A person commits the offense of indecency
with a child by engaging in sexual contact with a child under the age of seventeen. Tex. Pen. Code
Ann. § 21.11 (Vernon 1994). “Sexual contact” is defined as any touching of any part of the genitals
of another person with intent to arouse or gratify the sexual desire of any person. Tex. Pen. Code
Ann. § 21.01 (Vernon 1994).
            Evidence presented at trial showed that Mendoza carried L.M. into an empty bedroom, laid
L.M. on a bed, removed L.M.’s pants and underwear, and touched L.M.’s genital area, sometimes
for as long as five to ten minutes. L.M. testified that Mendoza did this to her nearly every time she
was alone with him. The testimony of a child victim is sufficient to support a conviction for
aggravated sexual assault. See Tex.Code Crim. Proc. Ann. art. 38.07 (Vernon Supp. 2004). 
Additionally, the outcry witness, Martinez, testified that L.M. told her Mendoza pulled down L.M.’s
pants, and then wiped and licked L.M. The outcry statement of a child victim alone can also be
sufficient to sustain a conviction of aggravated sexual assault. See Rodriguez v. State, 819 S.W.2d
871, 873 (Tex. Crim. App. 1991). There is no requirement that properly admitted outcry testimony
be corroborated or substantiated by the victim or independent evidence. Id. at 874.
            Mendoza testified that he was never alone with the victim. Other witnesses, including
Mendoza’s witness, testified that Mendoza was left alone with L.M. L.M. testified that Mendoza
showed her a handgun and warned her against telling anyone what had happened. Mendoza testified
that he did not own any firearms and had never had any at the residence. Other witnesses, however,
testified that they had seen rifles belonging to Mendoza at the residence in the garage. Finally,
Mendoza argues that the complained of acts could have been committed by another person. The
victim, however, repeatedly named Mendoza as the one who touched and licked her. The jury may
have considered the testimony of the victim as more credible and given it more weight than
Mendoza’s testimony.
            The jury was within its discretion as the trier of fact and the judge of witness credibility when
it determined what weight to afford the testimony presented at trial; the jury could choose to believe
or disbelieve all or any part of the testimony presented. We defer to the jury’s evaluation of the
credibility of witnesses in finding that the evidence is sufficient to sustain Mendoza’s convictions. 
Based on the record before us, and viewing it in the light most favorable to the judgment, we
conclude that a rational trier of fact could have found the essential elements of aggravated sexual
assault and indecency with a child beyond a reasonable doubt. Further, after reviewing the evidence
in a neutral light, we do not find the verdict clearly wrong or manifestly unjust. Nor do we find the
contrary evidence presented by Mendoza so strong that the standard of proof beyond a reasonable
doubt could not have been met by the State. Mendoza’s second issue is overruled.
Polygraph Testimony
            In his third issue, Mendoza complains the trial court erred in allowing the admission of
testimony concerning his polygraph examination. The record shows that during the punishment
phase, the State questioned Detective Frederick Roussel about Roussel’s investigation of Mendoza
regarding allegations made by a different victim. Roussel testified regarding a polygraph
examination of Mendoza in the other case. During this testimony, Mendoza made a valid hearsay
objection, which was sustained. Mendoza, however, did not object to the testimony concerning the
polygraph examination as inadmissible.
            To preserve a claim for review, other than fundamental error, Mendoza was required to make
a timely and specific objection. See Tex. R. App. P. 33.1. Mendoza waived any error by failing to
appropriately bring the error to the trial court’s attention. 

            Mendoza did not preserve his complaint in accordance with Rule 33.1 regarding the trial
court’s admission of testimony concerning a polygraph examination. As a result of that failure, any
error is waived. See Leach v. State, 548 S.W.2d 383, 385 (Tex. Crim. App. 1977) (indicating that
a defendant must object to improper polygraph evidence to preserve error). Mendoza’s third issue
is overruled.
Ineffective Assistance of Counsel
            In his fourth issue, Mendoza argues that he received ineffective assistance of counsel at trial. 
Mendoza complains that his trial counsel was ineffective because trial counsel failed (1) to object
to testimony concerning polygraph evidence in the punishment phase; (2) to object to the indictment
on double jeopardy grounds; and (3) to present expert testimony on sexual abuse.
            To prevail on a claim for ineffective assistance of counsel based on attorney error, Mendoza
must show by a preponderance of the evidence that trial counsel’s performance was deficient, i.e.,
that his assistance fell below an objective standard of reasonableness. Strickland v. Washington, 466
U.S. 668, 687 (1984); Thompson v. State, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). In
addition, Mendoza must show a reasonable probability that, but for trial counsel’s unprofessional
errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687;
Thompson, 9 S.W.3d at 812-13. “There is a strong presumption that counsel’s conduct fell within
the wide range of reasonable professional assistance.” Thompson, 9 S.W.3d at 813. “To defeat the
presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.” 
Id. at 814. The fact that another attorney might have pursued another trial strategy will not support
a finding of ineffectiveness of counsel. Blott v. State, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979).
            Mendoza complains that trial counsel should have objected to the indictment on double
jeopardy grounds and that, during the punishment phase, trial counsel should have objected to
testimony concerning a polygraph examination. The record is silent regarding the reason trial
counsel chose not to make either objection. From the record, we could speculate that Mendoza’s
trial counsel intended to use the testimony concerning the polygraph examination to Mendoza’s
benefit, as the testimony elicited by the State revealed that the examination results were inconclusive
and did not establish that Mendoza was lying. Such speculation, however, would not be material
to our holding. See Jackson v. State, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994). Because the
record is silent, Mendoza has failed to rebut the presumption that the decisions made by his trial
attorney regarding the indictment and the polygraph testimony were the result of trial strategy. See
Thompson, 9 S.W.3d at 813-14.
            Finally, Mendoza faults his trial counsel for failing to present an expert on the subject of
sexual abuse. The record, however, is silent regarding the reason Mendoza’s trial counsel elected
not to present such an expert. Absent a showing that such a witness existed and was available to
testify on behalf of Mendoza, there can be no showing of ineffective assistance of counsel. King v.
State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). Accordingly, Mendoza has failed to rebut the
presumption that trial counsel’s conduct fell within the wide range of reasonable professional
assistance. Thompson, 9 S.W.3d at 813. Mendoza’s fourth issue is overruled.
Conclusion
            Having overruled each of Mendoza’s issues, we affirm the judgment of the trial court.
 
 
Alma L. López, Chief Justice

DO NOT PUBLISH