**Affirmed and Memorandum Opinion filed February 20, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00293-CR

---

**TIMOTHY TIMEN BURNS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 272nd District Court**
**Brazos County, Texas**
**Trial Court Cause No. 11-00610-CRF-272**

---

## MEMORANDUM OPINION

Appellant pleaded guilty to a charge of criminal mischief. Punishment was assessed at two years' imprisonment. In a single issue, appellant contends that the trial court abused its discretion by denying his oral motion for continuance. Appellant asserts that a continuance should have been granted because the State gave inadequate notice of its intent to introduce evidence of prior bad acts. We overrule appellant's sole issue and affirm the judgment of the trial court.

## BACKGROUND

Appellant used a shovel to shatter the windshields of two parked vehicles, for no apparent reason. The vehicles were not occupied at the time of the incident, and appellant did not know the vehicles' owners. Appellant claimed afterwards that he was "completely out of control" at that time in his life. He had recently been divorced. He had also lost custody of his children, and his business was failing. Appellant admitted that his behavior was "very unacceptable."

Before his arraignment, appellant filed a written request asking for the State's intent to introduce evidence of any extraneous offenses or prior bad acts. Appellant sought at least ten days' notice in advance of trial. The State provided email notice six days before the punishment hearing.

Appellant orally moved for a continuance at the punishment hearing, claiming that additional time was needed to investigate the allegations of prior bad acts. The State responded that some of the bad acts had already been identified in a presentence investigation report. The State further asserted that notice was given in a timely manner and that notice had not been withheld to prejudice appellant's defense. The trial court deferred a ruling on appellant's oral motion until after the presentation of evidence. The court stated that it would grant a continuance at the end of the hearing only if it determined that additional investigation might be fruitful.

The State elicited the most damaging testimony from a CPS caseworker and from appellant's ex-wife. The caseworker, Lindsey Bates, testified that her interactions with appellant were hostile and aggressive. Appellant allegedly yelled and used other intimidation tactics when Bates was investigating his family. Appellant allegedly made several phone calls to Bates, demanding that she drop her investigation immediately. When Bates persisted, appellant allegedly

2

threatened her by saying, "I know what you drive, and I have people following you." Bates testified that her coworkers detected associates of appellant lingering in the cornfields surrounding her office. Tensions escalated to such a point that Bates went into hiding for three weeks and the office hired armed guards. Bates testified that she had never worked on another case where she felt so threatened for her own safety.

Appellant's ex-wife, Jessica Bell, detailed a similar history of aggression. She testified that she was involved in several charges against appellant, including harassment, making a terroristic threat, and violation of a protective order. Bell described these incidents as follows:

> They started off kind of small. He would get in trouble, get a slap on the wrist, get back out. They just kind of kept on escalating. The more that he got arrested and the more that he got out of it, they continued to get worse and worse to the point to where he would drive by with loaded guns. He would get out and say, "I'm going to kill you."

Bell testified that appellant would also hit her and harass her friends. She claimed that the threats became so serious that she and her children had to be placed into protective custody.

Bell also described one incident prior to her divorce when she found a meth pipe in appellant's workshop. Bell claimed that the authorities were reluctant to help her and declined to search the home for additional contraband. The sheriff ultimately seized the meth pipe, along with some illegal guns, but according to Bell, appellant was never prosecuted.

Appellant produced two character witnesses. His mother, Karen Bryant, testified that appellant had been diagnosed with ADHD, and that he had suffered from depression after his divorce. Bryant claimed that she was aware of her son's criminal history, though not the entirety of it. She established that appellant had

3

successfully completed his community supervision in the past, and she opined that he was likely to do so again, should he be given the privilege. Bryant also testified that appellant had grown into a better person since the window-smashing incident. According to her, appellant has become more responsible and considerate, and he has less of a temper.

Appellant's other character witness, Cory Burrell, testified that he hired appellant to work for his roofing business in Tennessee. Burrell praised appellant as an employee, but recognized that appellant has a drinking problem. Burrell testified that appellant was arrested for public intoxication in Tennessee, and for driving while intoxicated in Missouri. Still, Burrell claimed that appellant was a reliable worker. Burrell has even considered inviting appellant to a business partnership.

Appellant also testified in his own defense. He said that he had no reason to dispute the State's claim that he had been arrested seventeen times in the past. Appellant also admitted that he had argued with his wife during their marriage, but he denied ever being violent. Following their divorce, appellant said that he went "insane" and admitted himself to a hospital three times. Appellant also testified that his drinking can be excessive and can lead to problems. Appellant claimed, however, that he recently decided to give up alcohol.

Towards the end of the hearing, the trial court pressed appellant to revisit his motion for continuance and identify a particular allegation that he wanted to investigate. The only item appellant identified was the allegation surrounding the meth pipe. More specifically, appellant asserted that he wanted to investigate his ex-wife's claim that the sheriff's department was unwilling to respond to her plea for help. By the close of evidence, the trial court was unpersuaded by appellant's motion. The trial court found that appellant had "a raging beast in [him], a violent

4

angry beast that [he] can't control." The trial court sentenced appellant to the maximum punishment prescribed by law. The court promised, however, that it would consider a motion for new trial if appellant found any evidence "to impeach something that happened here today." Appellant never filed a motion for new trial.

## ANALYSIS

The requirements of a motion for continuance are set forth in articles 29.03 and 29.08 of the Texas Code of Criminal Procedure. Article 29.03 states: "A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." And Article 29.08 provides: "All motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." A trial court has the discretion to grant an oral motion for continuance on equitable grounds, but the denial of such oral motions preserves nothing for appellate review. *See Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009) ("Thus, if a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal."); *Williams v. State*, 172 S.W.3d 730, 733 (Tex. App.—Fort Worth 2005, pet. ref'd) (discussing the trial court's wide discretion to grant oral motions).

In this case, appellant's motion was neither written nor sworn. Appellant accordingly failed to preserve error on his only ground for relief. *See Anderson*, 301 S.W.3d at 279.

Even if we were to assume that error had been preserved, appellant has not established that the trial court abused its discretion by declining to grant the motion for continuance. The rules specify that a defendant is entitled to only "reasonable notice" of the State's intent to introduce evidence of prior bad acts. *See* Tex. R.

5

Evid. 404(b); *see also* Tex. Code Crim. Proc. art. 37.07, § 3(a). The Tenth Court of Appeals, from which this case is transferred, has determined that ten days' notice is presumptively reasonable. *See Chimney v. State*, 6 S.W.3d 681, 694 (Tex. App.—Waco 1999, pet. ref'd); *see also* Tex. R. App. P. 41.3 (the transferee court must decide a transferred case in accordance with the precedent of the transferor court). The Tenth Court of Appeals has also determined that six days' notice can be reasonable based on the facts and circumstances of the individual case. *See Scott v. State*, 57 S.W.3d 476, 480 (Tex. App.—Waco 2001, pet. ref'd) (considering such factors as when notice was first requested and the ability of counsel to cross-examine witnesses about the specifics of the extraneous acts).

Here, appellant has not alleged official misconduct on the part of the State. He does not dispute that the State provided notice as soon as the information became available. The record further demonstrates that appellant was able to present a capable defense during the punishment hearing. Appellant produced two witnesses who testified that he had a stable job and had reformed his character. Appellant also cross-examined the State's witnesses on many of the extraneous acts that were alleged.

Even if we accepted appellant's position that he could not effectively prepare a defense because he lacked adequate time for investigation, we could not reverse the conviction without a showing of prejudice. *See Leach v. State*, 548 S.W.2d 383, 384–85 (Tex. Crim. App. 1977) ("This Court is not authorized to reverse a conviction for failure to grant a continuance unless the record shows that the evidence sought to be secured by the delay was material to the case and that appellant was prejudiced by the inability to produce it."). The proper way to demonstrate prejudice is to present a motion for new trial with "an affidavit or other evidence . . . showing the nature and materiality of the missing evidence."

*Id.*; *see also Harrison v. State*, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005) (noting that a motion for new trial represents a second opportunity, before appeal, for the defendant to demonstrate that the missing evidence is material to the case). Appellant filed no motion for new trial in this case. He made no attempt to present the trial court with any evidence justifying his request for additional investigation. And in his brief, he has not asserted any concrete example of how he was harmed. Appellant has failed to establish that he was prejudiced by the trial court's actions.

## CONCLUSION

The judgment of the trial court is affirmed.


/s/    Tracy Christopher
Justice


Panel consists of Justices Boyce, Christopher, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).